REID *v.* WILSON.

No. 17517.  ARGUED  JUNE  13,  1951—DECIDED  JULY  9,  1951—REHEARING DENIED JULY 24, 1951.

*Robert B. Blackburn* and *S. T. Allen,* for plaintiff in error.

*Spalding, Sibley, Troutman & Kelley,* and *James M. Sibley,* contra.

ALMAND, Justice. ■ ■ Headnotes 1 and 2 do not require any elaboration.

■ Grounds 3, 4, and 5 will be considered together. They all relate to the refusal of the court to permit a witness for the caveator to testify as to a certain conversation that the witness had with the testator shortly before his death and more than two years after the execution of the purported will, in regard to his dissatisfaction with the will; that Grady Hospital would not take care of him, and that he desired to change the will. The objection to the testimony was that the same was immaterial and irrelevant, because it appears that the caveator did not claim that the will had been revoked, and any evidence of a desire to change the will on the part of the testator without proof of proper revocation was immaterial. The caveator insisted that the testimony was admissible, (a) to show undue influence, (b) to contradict the testimony of the propounder that the testator had stated to another that the will was freely made, and (c) to show that the testator did not know the contents of the alleged will at the time of its execution, and to show the presence of undue influence.

That the execution of the purported will was procured by the exercise of undue influence upon the testator cannot be proved by declarations made by him after he signed the paper. *Underwood* v. *Thurman,* 111 *Ga.* 325 (2) (36 S. E. 788); *Dean* v. *Littleton,* 161 *Ga.* 651 (2) (131 S. E. 507). Parol evidence of declarations of a testator made shortly after the execution of a will, expressing dissatisfaction with the will, is admissible, not to show fraud practiced upon him, or that undue influence was actually exercised, but for the purpose of showing the state of the testator's mind, and that he was in a condition to be easily influenced. *Dennis* v. *Weekes,* 51 *Ga.* 24 (6); *Rea* v.

*Pursley,* 170 *Ga.* 788, 795 (154 S. E. 325). The rejected testimony concerned a remark made by the testator a few months before his death and more than two years after the execution of the will, and throws no light on the condition of the testator's mind at the time of the execution of the will. As to whether his mental condition was such that he could be easily influenced, the caveator introduced no evidence that any one sought to influence the testator in executing the will, and the only evidence as to mental condition at the time of the execution of the will was the testimony of the three subscribing witnesses, he was of sound mind, and the facts and circumstances show that the will was voluntarily executed by the testator. The only evidence for the caveator as to the testator's mental condition was that for a short period before his death he was old and feeble.

■ Ground 6 complains that the court erred in directing a verdict in favor of the will, because (a) the will was unreasonable, (b) there was evidence of undue influence, and (c) the evidence was sufficient to raise an issue of mental incapacity of the testator, which should have been submitted to the jury.

It is shown by the evidence that the testator went of his own volition to T. K. Glenn, chairman of the board of trustees of Grady Hospital, and informed Mr. Glenn that he wanted to leave his property to Grady Hospital, and wanted a will drawn. Mr. Glenn called in Mr. Robert B. Troutman, a member of the Atlanta bar, and the testator told Mr. Troutman and Mr. Glenn that he felt that Grady Hospital was doing a good job for the poor of the community and he wanted to leave his property to the hospital. Mr. Troutman took the testator to his office, and—after discussing with him the testator's relatives and whether he wanted to give the property to the hospital by deed or by will—upon instructions of the testator the attorney drew the will, in which the testator devised and bequeathed all of his property to the City of Atlanta for the use of Grady Hospital, for reasons stated in Item 3 of the will as follows: "It is my desire that whatever property I own should go for the benefit of the poor and needy of Fulton County and the City of Atlanta, who suffer from disease and need medical attention. I believe that Grady Hospital which belongs to the City of Atlanta is serving the needs of the community so as to fulfill my desire in this respect."

The propounder's evidence made a prima facie case that the testator was of sound mind at the time of the execution of the will, and that the will was duly executed and entitled to probate. There is a total lack of evidence on behalf of the caveator as to undue influence or mental incapacity of the testator at the time of the execution of the will, and consequently there was no issue to be submitted to the jury. It was not error for the court to direct a verdict in favor of the will. See *Griffin v. Barrett*, 183 *Ga.* 152 (187 S. E. 828); *Watkins* v. *Jones*, 184 *Ga.* 831 (193 S. E. 889); *Martin* v. *Martin*, 185 *Ga.* 349 (195 S. E. 159). The evidence demanded the verdict returned, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*