22317. DOUGHTY, Next Friend v. FUTCH, Executor.

SUBMITTED JANUARY 14, 1964—DECIDED FEBRUARY 10, 1964.

*Fred L. Belcher*, for plaintiff in error.

*E. R. Smith, Sr., W. D. Knight*, contra.

ALMAND, Justice. The judgment under review is one sustaining a general demurrer to a caveat to the probate of a will. The will offered for probate was that of Mrs. Saphronia K. Day. In Item 3 of her alleged will she provided: "I give, bequeath and devise unto the Nashville Primitive Baptist Church for the use of Bethany Home for Ladies, all of the balance of my property, both real and personal of all kinds, in fee simple. The said church shall have my aforesaid property and it shall be used solely for the benefit of Bethany Home at Vidalia, Georgia, and the trustees of said church shall see that it is properly used after the same is turned over to them by my executor. I direct that my executor sell all of my property and use the proceeds therefrom for items 1 and 2 of this will and then turn

the remainder over to the church as set forth in this item 3 of my will." A caveat to the probate of the will was filed by Walter Doughty, Jr. and Janice Doughty who alleged they were the children by statutory adoption of Mrs. B. D. Doughty, a natural child of the testatrix. A copy of the order of adoption in a court in the State of Texas was attached to the caveat. The sole objection to the probate of the will was that the testatrix executed her will less than 90 days before her death and she devised and bequeathed more than one-third of her estate to religious institutions to the exclusion of her child or descendants of a child; that, at the time of the death of the testatrix, her sole child, the mother of the caveators, was dead and they are her sole heirs at law; that such devise to charity was void as violative of *Code Ann.* § 113-107 which provides that "No person leaving a wife or child or descendants of child, shall by will devise more than one-third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child" unless the will containing such devise be executed at least 90 days before the death of the testatrix. The caveator's sole contention as to their right to caveat the will is that they are the legally adopted children of a daughter of the testatrix and as such they are under the provisions of the Act of 1961 (Ga. L. 1961, p. 219; *Code Ann.* § 74-414), the children of their mother, the natural child of the testatrix, and therefore the heirs and descendants of the testatrix, and the devise of the testatrix to a religious institution, under the alleged facts was void.

The court of ordinary sustained the caveat but allowed probate of the will. On appeal the superior court sustained the general demurrers of the propounder to the caveat. Among the several grounds of general demurrer were that: (a) the objection to the probate of the will on the ground of the invalidity of a devise or bequeath in the will did not constitute a ground of caveat to the probate of the will and (b) the caveators were not such interested parties in the estate of the testatrix that they had the right to contest the probate of her will in that they were neither the heirs of the testatrix nor the descendants of the child of the testatrix.

We are of the opinion that both grounds of the demurrer are well asserted. (a) On the hearing of a caveat to the probate of a will the issue is devisavit vel non—whether the paper propounded is or is not the last will of the testatrix. The court of ordinary merely adjudicates the factum of the will, *Smith v. Davis*, 203 Ga. 175 (1) (45 SE2d 609) and not the validity of a devise contained in any item of the will. *Trustees of the Univ. of Ga. v. Denmark*, 141 Ga. 390 (2) (81 SE 238); *Reid v. Wilson*, 208 Ga. 235 (2) (65 SE2d 913). The contention of the caveators that Item 3 of the propounded will violates *Code Ann.* § 113-107 does not constitute a ground for caveat. (b) Only those persons having some interest in the will or estate of testatrix which will be affected or concluded by the probate of the offered will have a right to file a caveat to the probate of the will. One who is neither a child nor a grandchild of the testatrix is not an interested party concerning the will or distribution of the estate. *Varnedoe v. Cousins*, 148 Ga. 229 (2) (96 SE 326); *Peavey v. Crawford*, 182 Ga. 782 (3) (187 SE 13, 107 ALR 828). Though the caveators by reason of their adoption be considered as children of natural bodily issue of the adopting mother with right to inherit "under the laws of descent and distribution in the absence of a will and to take under the provisions of any instrument of testamentary gift, bequest, devise or legacy, unless expressly excluded therefrom" (Ga. L. 1961, p. 219; *Code Ann.* § 74-414), this creation of heirship between the adopting mother and adopted child does not make the adopted child an heir or a legal descendant of the adopting mother's parent—in this case the testatrix. *Code* § 113-903 (4) which provides the rules of inheritance and who are heirs at law of a deceased person declares that "The lineal descendants of children shall stand in the place of their deceased parents"—the words "lineal descendants" as used in the statute means only lineal heirs, those in direct descending line from the testatrix who proceed from her body, such as her children, grandchildren and their children to the remotest degree. *Bryan v. Walton*, 20 Ga. 480 (12); *Walker v. Walker*, 25 Ga. 420; see definitions of "Descendants" and "Lineal Descent," Ballentine's Law Dictionary (2d Ed.)

680

The caveators, under the adoption statute, are for the purposes of inheritance considered to be the children of their adopting mother, but they are not the lineal descendants of the adopting mother's parents. Their only claim of interest in the estate of the testatrix is that of being her heirs and since they do not occupy the status of being lineal descendants of the testatrix they are not in a position to contest the probate of the will of the testatrix.

The court properly sustained the general demurrers to the caveat.

*Judgment affirmed. All the Justices concur.*