## 27627. BROWN et al. v. TRUST COMPANY OF GEORGIA et al.

GUNTER, Justice. Trust Company of Georgia as trustee of a trust established by the will of Robert C. Turner brought an action below seeking the direction of the court as to what persons constituted a class of persons, such class of persons being beneficiaries of the trust upon its termination.

The class of persons named as beneficiaries by the testator was his nieces and nephews, expressly excluding one of them. The essential issue for decision below and here was whether an adopted daughter of one of the testator's sisters was a member of the class of beneficiaries. The trial court held that she was a member of the class, and other members of the class who sought to exclude her have now appealed.

The testator executed his will in 1943. A later codicil to the will is immaterial to the issue here. The will established a trust, and the named beneficiaries so long as they lived were the testator's widow and his four sisters. Upon the death of the last of these five persons the trust became executed, and the testator provided that the trustee "shall proceed to divide into as many shares as I have nephews and nieces, the children of nephews and nieces to take in lieu of their deceased parents, except the daughter of Howard Brown by his first marriage, who shall not be entitled to anything under the terms of this will." Each such share was to be delivered by the trustee to the recipients to be theirs in fee simple.

The last living sister died in 1971. The trustee could have readily determined who were nieces and nephews of the testator except for the fact that one of the sisters had in 1942 adopted a daughter, now Mrs. Elizabeth Dowis Marks, and had had no other children.

At the death of the testator in 1948 the statutory law of this state was to the effect that an adopted child would inherit from his parents but as "to all other persons the adopted child shall stand as if no such act of adoption had been taken." See Ga. L. 1941, p. 300. At the date of the termination of the trust in 1971 the statutory law of this state was that an adopted child occupies the same status as a natural child with respect to inheritence both as to the parents and as to all other persons. See Ga. L. 1966, p. 212, and Ga. L. 1969, p. 927.

We state the foregoing to be the law in 1971 based on the following language from the 1966 and 1969 statutes where Sec. 11 was completely re-enacted: ". . . Said adopted child shall be considered in all respects as if it were a child of natural bodily issue of petitioner or petitioners, and shall enjoy every right and privilege of a natural child of petitioner or petitioners; and shall be deemed a natural child of petitioner or petitioners to inherit under the laws of descent and distribution in the absence of a will and to take under the provisions of any instrument of testamentary gift, bequest, devise or legacy unless expressly excluded therefrom."

Although the case of *Doughty v. Futch,* 219 Ga. 677 (135 SE2d 286) (1964) was not relied on or cited in this appeal, in considering this appeal we have re-examined the holding in that case, and we conclude that the statutory enactments in 1966 and 1969 conflict with Code Ann. § 113-903, and the latest statutory enactment must be accorded priority. The holding in *Doughty v. Futch* therefore does not control the decision in this case.

Therefore, in this case if the statutory law of Georgia in 1948 at the time of the death of the testator is applied, then the adopted child is not a member of the class; but if the statutory law of Georgia at the time of the termination of the trust in 1971 is applied, then the adopted child is a member of the class.

A case analogous to this one with only a slight difference in the factual situation was *Carnegie* v. *First National Bank of Brunswick,* 218 Ga. 585 (129 SE2d 780) (1963). In that case this court held that the intent of the testatrix, derived from the language used in creating the trust, was that the law to be applied was that of force when the trust terminated. And by virtue of applying the statutory law in effect at the termination of the trust the adopted child was held to be a member of the class.

While the intention of the testator in this case is not nearly so clear as was the intention of the testatrix in *Carnegie* with respect to which statutory rule of law is to apply, we nevertheless gather from the four corners of the trust instrument in this case that the statutory law effective at the termination of the trust is applicable. But going one step further than the rule laid down in *Carnegie,* we now hold that where a trust is created so as to terminate at some future date when a class of beneficiaries is to be determined, unless the trust instrument itself provides expressly that a statutory rule other than that in effect at the date of termination shall be applied, then the statutory rule in effect at the date of the termination of the trust shall be applied. We reach this conclusion on the basis of language contained in the case of *Knorr v. Raymond,* 73 Ga. 749 (1884), as follows: " . . . but whether or not a trust is executed and the legal title passes to the beneficiary does not depend upon the law of force when the trust was created, but depends upon the law of force at the time when the trust is claimed to be terminated." The judgment of the trial court was correct.

*Judgment affirmed. All the Justices concur, except Nichols, J., who concurs in the judgment only and Undercofler, J., who dissents.*

ARGUED DECEMBER 12, 1972 — DECIDED MARCH 16, 1973.

*McCartney & White, Robert M. McCartney,* for appellants.

*Maurice N. Maloof, George H. Marshall, Jr., William F. Buchanan, Hicks, Eubanks & Scroggins, John Hicks, Robert E. Brizendine,* for appellees.

NICHOLS, Justice, concurring in the judgment of affirmance, but not in all that is said in the opinion. In *Doughty v. Futch,* 219 Ga. 677 (135 SE2d 286), this court construed the effect of an Act of the General Assembly enacted in 1961 (Ga. L. 1961, p. 219). In 1966 and again in 1969, (Ga. L. 1966, p. 212; Ga. L. 1969, p. 927) the General Assembly re-enacted the identical language contained in the 1961 Act. In *Todd v. State,* 228 Ga. 746, 750 (187 SE2d 831), it was held: ". . . since this is a question of first impression before this court, the judicial construction already placed upon a similar statute of another State in effect at the time of the adoption of the Georgia Act is considered to accompany it and is treated as incorporated therein. *Seaboard A. L. R. Co. v. Fountain,* 173 Ga. 593 (2a) (160 SE 789); *Tamiami Trail Tours, Inc. v. Ga. Pub. Service Comm.,* 213 Ga. 418 (99 SE2d 225)."

Certainly if the construction placed upon a statute of another state by the courts of that state is considered to accompany the enactment of legislation by the General Assembly of Georgia, it cannot be gainsaid that the construction placed by this court upon language in a statute would not accompany the re-enactment of such statute in the same language later by the General Assembly of Georgia. The present case, however, is distinguishable from that in *Doughty v. Futch,* supra. Here, the testator, when looking at the four corners of the instrument, showed an intent to include as a niece the adopted child of his sister, who had been adopted before

the will was executed, and for this reason I would affirm the judgment of the trial court.