29946. WHITTLE et al. v. SPEIR.

PER CURIAM.

This appeal arises from the grant of a summary judgment to appellee and the denial of appellants' motion for summary judgment. The appeal involved the

construction of the will of James J. Kennedy who died in 1936. The will was probated in common form on August 3, 1936. After devising a life estate to his wife, he devised the remainder to his children.

Item 5 provides: "To our son, John W. Kennedy, I give and devise that tract of land in the Twelfth District of Terrell County, Georgia, known as the Bob Ellison Place, or Marshall Place, containing Three Hundred and Seventy Five (375) Acres, more or less, the same being the tract of land located on the left of road where Speir and his Uncle, John Kennedy now live; also a one-fourth undivided interest in the Warehouse, located on the corner of Lee and Stonewall Streets in Dawson, Ga., said County."

In Item 8 of the will the testator provided that: "The conditions upon which said children are to take said property is as follows:

"That they are to have and to hold the same *during their natural lives,* and in the event either of them, or any of them should die leaving no children in life at the time of his or her death, then it is my desire that his or her share shall *revert* to my estate and go to my children then in life or their lineal descendants per stirpes, unless said children should marry and die leaving children in life at the time of his or her death, in which event it is my desire that said child or children shall receive the distributive share of their deceased parent." (Emphasis supplied.)

The wife predeceased the testator and the children went into possession of the property upon the death of their father.

Thereafter, the property devised in Item 5 was conveyed by John W. Kennedy to A. M. Speir by warranty deed in 1965. The deed was duly recorded and the grantee entered into possession. John W. Kennedy died in 1967 survived by one adopted child. The will of James J. Kennedy was executed in 1919 and a codicil thereto was executed in 1933, nine months after the adoption of the child by John W. Kennedy.

The appellants argue that the limitation placed on the devise by Item 8 created a life estate in John W. Kennedy with remainder to the lineal descendants of the testator and, since the adopted child of John W. Kennedy

was not a lineal descendant of the testator, according to the adoption statutes of Georgia in 1936, the estate reverted and descended to the lineal descendants of the testator.

The trial court granted summary judgment for two reasons: (1) An estate once granted cannot be limited by a subsequent paragraph of the will; and (2) If it is a limitation, the condition was fulfilled when John W. Kennedy died survived by a child.

The appellee contends that Item 8 is not a limitation but a scheme for the disposition of the property devised in the event there was a lapse of any of the devises.

1. John W. Kennedy adopted a child in 1932. The will in this case was executed in 1919 and a codicil executed in 1933. The testator knew of the adoption at the time of making the codicil but made no provision to include or exclude the adopted child of his son.

Whether the estate granted under the terms of the will of James J. Kennedy be construed as a defeasible fee as held by the trial court (*Scranton-Lackawanna Trust Co. v. Bruen,* 206 Ga. 872, 875 (59 SE2d 397); *McDonald v. Suarez,* 212 Ga. 360, 363 (93 SE2d 16); *Reynolds v. Rackley,* 223 Ga. 586, 587 (157 SE2d 283)), or a life estate as contended by the appellants (*Stone v. Franklin,* 89 Ga. 195 (15 SE 47), and see *Matthews v. Hudson,* 81 Ga. 120 (7 SE 286); Agnor, Estates Tail in Georgia, 13 Ga. B. J., p. 27; Code §§ 85-505, 85-506)), under the holding in *Brown v. Trust Co. of Ga.,* 230 Ga. 301, 302 (196 SE2d 872), the appellants would have no interest in the real estate devised to John W. Kennedy inasmuch as he was survived by a child.

2. There being no material issue of fact and the defendant being entitled to a judgment as a matter of law, the trial court's grant of summary judgment is affirmed.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who concurs specially, and Undercofler, P. J., who dissents.*

Argued May 13, 1975 — Decided September 11, 1975.

*Bennett, Gilbert, Gilbert, Whittle, Harrell & Gayner,*

*Wallace E. Harrell, Rees M. Sumerford,* for appellants.
   *R. R. Jones,* for appellee.

NICHOLS, Chief Justice, concurring specially.
   I concur in the judgment in this case for the reasons stated in my special concurrence in *Brown v. Trust Co. of Ga.,* 230 Ga. 301 (196 SE2d 872).