33509. WARNER v. FIRST NATIONAL BANK OF ATLANTA et al.
33510. HOPKINS et al. v. FIRST NATIONAL BANK OF ATLANTA et al.

BOWLES, Justice.

This appeal is from a final order and decree entered in an action instituted by the First National Bank of

Atlanta, asking for direction and construction of wills, as executor under the will of Winifred Bird Hopkins, and as trustee under Item VII of the will of Herbert Ziegler Hopkins. Appellant Warner is the court-appointed class representative for all unknown natural born persons, born and unborn, who have, or may have, or who may claim an interest in the estate of Winifred Bird Hopkins or in the trust under Item VII of the will of Herbert Ziegler Hopkins. Appellants Herbert Ziegler Hopkins, Jr. and his three children, Marion Bird Hopkins, Margaret Tyler Hopkins, and Michael Hopkins, are the son and natural grandchildren of Winifred Bird Hopkins and Herbert Ziegler Hopkins. The issues raised by the two appeals are identical and will be decided together.

Herbert Ziegler Hopkins executed his will on May 3, 1960, and died on December 22, 1961. Item VII of that will directed that the residue of his estate be held in trust, with the income payable to his wife, Winifred Bird Hopkins, for life and then to be paid to his two children, Herbert Z. Hopkins, Jr. and Helen Hopkins Mizell, for their lives. Item VII further provided that, "should either such child not be living on the date of payment of such income, but leave a descendant or descendants' surviving, then such descendant or descendants shall receive, per stirpes, the share of income of their deceased parent. . ." After the death of the testator's wife, son and daughter, one-third of the residue is directed to be paid to the Metropolitan Foundation of Atlanta, the remaining two-thirds to be "divided among the descendants, per stirpes, living at the time of division, of each deceased child of mine, but if a child of mine should leave no such descendant or descendants, the part that would have gone to that child shall be added to the share for the descendants of the other child of mine. . ."

At the time of the execution of the will and at the time of his death, testator's son was married with three children and testator's daughter was married but had no children. Subsequently, testator's daughter adopted a son, Glenn Tyler Mizell.

Winifred Bird Hopkins executed her will on January 22, 1966, and died on November 2, 1969. In Item V thereof, the testatrix attempted to equalize her

daughter's adopted child or children to the extent that said child or children were not included in the will of her husband by providing, "I wish, to the degree hereafter set forth, to equalize Glenn Tyler Mizell and any other child or children that Helen may adopt, before I die, on a per capita basis with certain children of my son Herbert Z. Hopkins, Jr., insofar as concerns the provisions of Item VII(b) and Item VII(c)(ii) of the will of my husband; and therefore, if it is determined as a matter of law by the opinion of counsel for my estate or through appropriate court proceeding that Glenn Tyler Mizell does not share in the benefits under the will of my husband as would a child of Helen by blood, then I direct that the trust in this Item V shall become effective. . ." If it is determined that adopted children are to take equally with natural born children under Item VII of Herbert Ziegler Hopkins' will, the residue of Winifred Bird Hopkins' estate is to be distributed, pursuant to Item VI of her will, outright and equally to her son Herbert and daughter Helen.

The trial court held that adopted persons were included in the class of descendants as beneficiaries under the trust in Item VII of the will of Herbert Ziegler Hopkins. It further held that the term "per stirpes" as contained in the will of Herbert Ziegler Hopkins should be given its technical meaning so that any distribution would be effected by a division of property into two parts, one part to vest in Herbert Z. Hopkins, Jr., or his descendants and the other part to vest in Helen H. Mizell or her descendants; and that the contingent trust set forth in Item V of the will of Winifred Bird Hopkins need not be established. We affirm.

1. In construing the will of Herbert Z. Hopkins, we must first determine what law controls. This court stated in *Brown v. Trust Co. of Ga.,* 230 Ga. 301 (196 SE2d 872) (1973), that, "where a trust is created so as to terminate at some future date when a class of beneficiaries is to be determined, unless the trust instrument itself provides expressly that a statutory rule other than that in effect at the date of termination shall be applied, then the statutory rule in effect at the date of termination of the trust shall be applied." Upon further study, we now decide that this does not comport with the Georgia rule of much

longer standing that the testator's intent is to be given effect wherever possible. *Cook v. Weaver,* 12 Ga. 47 (1852); *Love v. Fulton Nat. Bank of Atlanta,* 213 Ga. 887 (102 SE2d 488) (1958).

We find it more logical to assume that a testator intends for the law in effect on the date of his death to control the disposition of his property under his will. Therefore, we now hold that in Georgia, in the absence of an express contrary intention, a will is to be construed according to the law in effect at the testator's death. *Brown,* insofar as it is inconsistent with this opinion, is disapproved.

Herbert Z. Hopkins died on December 11, 1961. On that date, the 1949 amendment (Ga. L. 1949, p. 1157) to the Georgia adoption law enacted in 1941 (Ga. L. 1941, p. 305) was the law governing the right of adopted persons to take by testamentary bequest or devise. That amendment provided: "From and after the enactment of said Code Section (Acts 1941, p. 305) said adopted child shall be considered in all respects as if it were a child of natural bodily issue of petitioner or petitioners, and shall enjoy every right and privilege of a natural child of petitioner or petitioners to inherit under the laws of descent and distribution in the absence of a Will *and to take under the provisions of any instrument of testamentary gift, bequest, devise or legacy unless expressly excluded therefrom.*" (Emphasis supplied.)

While the 1941 Act was twice more amended, once in 1957 (Ga. L. 1957, p. 339) and again in 1961 (Ga. L. 1961, p. 219), the law as it related to adopted children taking under a testamentary instrument was not changed. The language, "to inherit under the laws of descent and distribution in the absence of a Will and to take under the provisions of any instrument of testamentary gift, bequest, devise or legacy unless expressly excluded therefrom" has consistently appeared in that statute. This was the statutory language in effect on the date of Herbert Z. Hopkins' death.

This court construed the 1949 amendment to the adoption statute in *Thornton v. Anderson,* 207 Ga. 714 (64 SE2d 186) (1951), and found that the legislature created a legal relation between the adopting parent and the

adopted child equivalent to the relation of parent and child created by natural and lawful birth. We agree with this interpretation that the 1949 amendment granted a child by adoption the same rights and privileges as a natural born child to take by bequest or devise under the will of an ancestor by adoption.

We disagree with appellants that *Doughty v. Futch,* 219 Ga. 677 (135 SE2d 286) (1964) is controlling. There the issue involved was the procedural question of whether adopted children had standing as "lineal descendants" under Code Ann. § 113-903 (4) to caveat the will of an ancestor by adoption. That procedural point is not present in this case, and the interpretation of Code Ann. § 113-903 is not here relevant.

The language in *Thornton v. Anderson,* supra, correctly states the law in effect at Herbert Z. Hopkins' death, and governs our interpretation of his will that an adopted child is to be treated in all respects the same as a natural born child and would be entitled to take by bequest under the will of an ancestor by adoption.

We affirm the trial court's interpretation of testator's will and hold that Glenn Tyler Mizell, the adopted grandson of testator, is entitled as a matter of law to inherit under the will to the same extent as natural born children of testator's son and daughter.

2. The language "per stirpes" in Item VII of the will of Herbert Ziegler Hopkins means exactly what it says. The testator intended that his own children Herbert Z. Hopkins, Jr., and Helen Hopkins Mizell be treated as the roots, so that upon the death of the survivor, one-half of the remaining available assets will be distributed to the living descendants of Herbert Z. Hopkins, Jr. and one-half of such assets will be distributed to the living descendants of Helen H. Mizell.

3. As it has been determined that Glenn Tyler Mizell is entitled to inherit under the will of Herbert Z. Hopkins, appellants' third enumeration of error is moot.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 8, 1978 — DECIDED DECEMBER 5, 1978.

*Westmoreland, Hall, McGee & Warner, C. Wilbur Warner, Jr., Edward E. Bates, Jr.,* for appellant (Case No. 33509).

*Hansell, Post, Brandon & Dorsey, Allen Post, Edward S. Grenwald, Rogers & Hardin, Joseph C. Miller, Kutak, Rock & Huie, Steven B. Kite,* for appellees (Case No. 33509).

*Steven B. Kite,* for appellants (Case No. 33510).

*Allen Post, Edward S. Grenwald, Rogers & Hardin, Joseph C. Miller, C. Wilbur Warner, Jr.,* for appellees (Case No. 33510).

*King & Spalding, James M. Sibley, Michael C. Russ, Lokey & Bowden, Henry L. Bowden,* amici curiae.