## 34353. NUNNALLY et al. v. TRUST COMPANY BANK.

Jordan, Justice.

This appeal arises from a will construction case instituted by Trust Company Bank as co-trustee of a trust established under the will of Jessie M. McKee.

The facts in this proceeding are not in dispute and have been stipulated by the parties. The testatrix signed her will in 1942, executed a codicil in 1944 and died in

1945. Part Two of Item Eight of the will creates a trust to pay income to the testatrix' daughter for life and provides that at her daughter's death the trust be divided into shares and distributed to her daughter's four children or to the issue of any of her daughter's children who may have predeceased their mother.

After the death of testatrix, Winship Nunnally, Jr., one of the four named grandchildren, adopted two sons. The will of testatrix neither expressly included nor expressly excluded, adopted persons from the classes of "children," "issue" and "descendants" designed as beneficiaries of the trust created in Part Two of Item Eight of her will. The issue before the trial court and before this court on appeal is whether or not the adopted sons of Winship Nunnally, Jr., possible future children by adoption, and descendants by adoptions of testatrix' four named grandchildren are included as trust beneficiaries.

The trial court, relying on the case of *Brown v. Trust Co. of Ga.,* 230 Ga. 301 (196 SE2d 872) (1973), held that the law in effect at the time of the trust's termination determined the class of beneficiaries and that the adopted children were included as beneficiaries of the trust. Subsequent to the trial court's judgment, this court handed down its opinion in *Warner v. First Nat. Bank of Atlanta,* 242 Ga. 661 (1978) which overruled *Brown* and held that "in the absence of an express contrary intention, a will is to be construed according to the law in effect at the testator's death." P. 664. Testatrix' will expressed no intention regarding the law to be used in its construction, therefore, the law in effect at her death governs.

At the time Jessie McKee executed her will in 1942 and at the time of her death in 1945, Georgia law provided that an adopted child was capable of inheriting from his adopting parent's estate, but, as to all other persons, the adopted child stood as if no action of adoption had been taken. Ga. L. 1941, p. 300; *Comer v. Comer,* 195 Ga. 79 (23 SE2d 420) (1942). Under the new direction of *Warner,* this law governs the construction of this will, and excludes as beneficiaries of the trust the adopted sons of Winship Nunnally, Jr., any possible future children by adoption, and descendants by adoption.

The judgment of the trial court is reversed and this

case is remanded to the trial court for consideration of the remaining issues raised in appellee's response.

*Judgment reversed and remanded. All the Justices concur.*

ARGUED JANUARY 10, 1979 — DECIDED JANUARY 24, 1979.

*King & Spalding, James M. Sibley, Michael C. Russ,* for appellants.

*Lokey & Bowden, Henry L. Bowden, Hansell, Post, Brandon & Dorsey, Alan Post, Edward S. Grenwald,* for appellee.

*Alston, Miller & Gaines, Henry J. Miller, Anne S. Rampacek,* amicus curiae.