37423. THOMAS et al. v. TRUST COMPANY BANK et al.

MARSHALL, Justice.

This case involves an inter vivos trust which was established in 1928. Under the trust agreement, the lifetime income beneficiary is the settlor's son, and the remaindermen are "the children born or to be born" of the son. When the trust was established, the settlor's son was married, and there was one child born of this marriage. However, the son subsequently divorced, and he and his new wife adopted two children. The trust terminated at the son's death in 1979. This suit was brought by the trustee for direction concerning the question of whether the two children adopted by the son qualify as remaindermen of the trust. The superior court ruled that they do not. For reasons which follow, we agree.

1. "In construing a trust instrument, it is the duty of a court to find the intention of the settlor and to effectuate that intention in so far as the language used and the rules of law will permit." *Love v. Fulton Nat. Bank,* 213 Ga. 887, 891 (102 SE2d 488) (1958). Along these same lines, it has been held that in construing the rights of an adopted child to take under a will, it is not a question of the right of the adopted child to inherit but simply a question of the testator's intent with respect to those who are to share in the estate. *Smyth v. Anderson,* 238 Ga. 343 (232 SE2d 835) (1977); *Comer v. Comer,* 195 Ga. 79 (23 SE2d 420, 144 ALR 664) (1942).

In order to effectuate the testator's intent, it has been held that the adoption laws in effect at the date of the testator's death will determine the class of beneficiaries entitled to take under a testamentary trust in the absence of an express contrary intent. *Warner v. First Nat. Bank,* 242 Ga. 661 (1) (251 SE2d 511) (1978), revg. *Brown v. Trust Co. of Ga.,* 230 Ga. 301 (196 SE2d 872) (1973). Similarly, it has been held that in order to determine the intention of a settlor as to who is to be included in a class of beneficiaries under an

inter vivos trust, the law in effect at the time the trust was executed must be examined. See *King v. King,* 218 Ga. 534 (2) (129 SE2d 147) (1962). Under the law in effect in 1928, an adopted child stood as if no adoption had taken place in the child's relation to all persons other than the adopted mother and father, with the exception that even the father could not inherit from the adopted child. Civil Code of 1910, § 3016 (Ga. L. 1855-6, p. 260, as amended); *Comer v. Comer,* supra.

2. In addition, the previously-quoted language employed in the trust instrument leads unmistakably to the conclusion that the settlor intended to include only natural children of the son as remaindermen of the trust. See *Faulk v. Faulk,* 240 Ga. 373 (240 SE2d 848) (1977); Whitfield v. Matthews, —— Ala. —— (334 S2d 876) (1976).

In ascertaining the settlor's intent, it is also relevant that the adoption laws of this state were amended in 1949 so as to provide as follows: an adopted child shall be considered in all respects as if it were a child of natural bodily issue of the adopting parents, and shall enjoy every right and privilege of a natural child; and shall be deemed a natural child of the adopting parents to inherit under the laws of descent and distribution in the absence of a will and to take under the provisions of any instrument of testamentary gift, bequest, devise or legacy unless expressly excluded therefrom. Code Ann. § 74-414 (Ga. L. 1949, p. 1157); *Warner v. First Nat. Bank,* supra. With presumptive knowledge of this change in the law, the settlor in 1950 executed a codicil to her will reemphasizing her desire to include only natural children of her son as remaindermen of the trust. This is a clear expression of the settlor's intent, regardless of whether the execution of the codicil to her will was effective to amend the provisions of the previously-executed, nonrevocable, inter vivos trust.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 16, 1981.

*John F. Bradford, Norman Lee Smith,* for appellants.
*Hansell, Post, Brandon & Dorsey, Edward S. Grenwald, Jones, Bird & Howell, Arthur Howell, Robert H. Walling,* for appellees.