S90A0218. EPSTEIN et al. v. FIRST NATIONAL BANK et al.
S90X0219. THORNTON et al. v. FIRST NATIONAL BANK et al.
(391 SE2d 924)

Benham, Justice.

These appeals are from the final judgment entered in an action for declaratory judgment and for construction of trusts created by the will of Leila Thornton. The suit was brought by appellee First National Bank as trustee. The appellants in S90A0218 are the testatrix's natural great-grandchildren (Epsteins), and the appellants in S90X0219 are the testatrix's great-grandchildren by virtue of their adoption by her grandson, William Albert Thornton (Thorntons).

Leila Thornton died in 1931 and, through her will, established a trust for each of her two grandsons, William Albert Thornton and Alfred Austell Thornton. The trusts provided that each of the young men would receive trust income as necessary for his support until age thirty, at which time each would receive ⅓ of his trust's principal in fee simple and all of the trust income for life. The remaining ⅔ of the trust principal was to be held in trust for the grandson's life, with the remainder in fee simple to "any child, or children, of his body who may survive him. . . ." If either grandson died "leaving no child, or descendants of children surviving him," the trust income was to go to the surviving grandson for his life, with the remainder in fee simple to his "surviving descendants." In an effort "to more clearly amplify and express [her] wishes and desires with respect to that part of [her] estate willed for the benefit of [her] two grandsons," the testatrix executed a codicil in which she stated her "express wish and intention in dealing with the shares of [her] estate going to her grandsons," that, should her grandsons die after attaining the age of thirty and leave no children or descendants, the portion of her estate that would have gone in fee simple to the children or descendants of her grandsons would vest in fee simple in her "heirs at law." In 1983, Alfred Thorn-

ton died childless and over the age of thirty. William Thornton died in 1988, over the age of thirty and survived by his two adopted children, never having had children of his body. The issue in this case is in whom does the remaining trust principal, with assets now in excess of $13,000,000, vest. The trial court ruled that the property should be distributed to the testatrix's heirs at law, determined as of the date of her death.

1. In S90X0219, the Thorntons take issue with the trial court's conclusion that they, as the adopted children of William Thornton, are not "descendants" as that word and similar phrases are used in the testatrix's will and codicils, and therefore are not entitled to the remaining trust principal.

"In the construction of all wills, the court shall seek diligently for the intention of the testator and shall give effect to the same as far as it may be consistent with the rules of law." OCGA § 53-2-91. It is assumed that the testatrix intended for the law in effect on the date of her death to control the disposition of her property under her will, in the absence of an express contrary intention. *Warner v. First Nat. Bank*, 242 Ga. 661, 664 (251 SE2d 511) (1978). In 1931, with regard to persons other than the adopting parents, an adopted child stood as if no adoption had taken place. Georgia Civil Code of 1910, § 3016 (Ga. L. 1855-56, p. 260, as amended). The testatrix's use of the phrase "children of his body" evidences an intent to include only natural children of her grandsons. See *Thomas v. Trust Co. Bank*, 247 Ga. 693 (279 SE2d 440) (2) (1981). Her use of the term "children, or descendants thereof" in describing the remaindermen in her codicil does not constitute an express intent to include adopted children; rather,

> "[t]he disposition of the courts is to confine and limit the word 'children' in its application, when it occurs in a will, to its natural import, excluding adopted children, except where the testator has clearly shown by other words that he intended to use the term in a more extensive sense." [*Brookins v. C & S Nat. Bank*, 205 Ga. 128, 132 (52 SE2d 461) (1949).]

In light of the absence of an express contrary intention, the testatrix's will was properly construed as excluding the adopted great-grandchildren. *Thomas v. Trust Co. Bank*, supra; *Warner v. First Nat. Bank*, supra.

While acknowledging the state of the law as summarized above, the Thorntons urge application of an inclusive presumption, i.e., in the absence of an expression of the testatrix's intent to exclude adopted children, they should be included. We decline the Thorntons' invitation to modify the holding in *Warner v. First Nat. Bank*, supra.

2. While in full accord with the trial court's decision excluding

the adopted great-grandchildren from the class of "descendants," and the concomitant holding that the testatrix's "heirs at law" were entitled to the remaining trust principal in the absence of any "descendants," the Epsteins contend in S90A0218 that the trial court erred in ruling that the testatrix's heirs at law were to be determined as of the date of the testatrix's death rather than determined as of the date of the death of the trusts' last life beneficiary.

" '[H]eirs at law' designate prima facie persons ascertained as of the death of him whose heirs are referred to. [Cits.]" *Raney v. Smith*, 242 Ga. 809, 814 (251 SE2d 554) (1979).

> If . . . the will uses words which have a well-settled, definite meaning in the law, and there is nothing in the will itself to indicate that it was the intention of the testator that such words should be given any other meaning than that which the law gives them, then it is to be presumed that it was the intention of the testator that the words should be construed in that sense in which the law would ordinarily construe them. [*Maclean v. Williams*, 116 Ga. 257, 258 (42 SE 485) (1902).]

"[T]o take a case out of the general rule, the intention to do so must be shown in language clear and unambiguous. [Cit.]" *Tate v. Tate*, 160 Ga. 449, 454 (128 SE 393) (1925). We find no such expression in the testatrix's will of an intent to take this case out of the framework of the general rule. The Epsteins' assertion that the testatrix intended that her property remain within her natural bloodline is belied by the testatrix's bequests to charitable institutions and non-blood relatives, as well as her bequests in fee simple to her two children who survived her. The fact that the trusts' life tenants were also remaindermen who could not enjoy and possess the remainder because that interest would not be distributed until they both had died does not take this case out of the general rule. *Johnston v. Duncan*, 227 Ga. 298 (2) (180 SE2d 348) (1971).

The decision in *Buffington v. Childers*, 259 Ga. 179 (378 SE2d 122) (1989) does not require a different result. There, this court concluded that, although the testator had bequeathed a remainder interest to his "heirs at law," the will "unambiguously demonstrate[d]" the testator did not intend to give his wife a remainder interest. No such unambiguous demonstration to exclude the life tenants is present in the will currently before us. Our decision is further supported by the law favoring early vesting of remainders in the absence in the will of "a manifest intention to the contrary. . . ." OCGA § 44-6-66.

3. In light of our determination in Division 2 that the heirs at law are not determined as of the death of the last life beneficiary, we need

not reach the issue whether the applicable law as to the adopted children is that in effect at the death of the testatrix or that in effect at the death of the last life beneficiary.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1990.

*Kilpatrick & Cody, Harold E. Abrams, G. William Austin, Rebekah G. Strickland,* for Epstein et al.

*Hurt, Richardson, Garner, Todd & Cadenhead, Charles D. Hurt, Jr., E. Clayton Scofield III, Roberta E. Murphy,* for Thornton et al.

*Grenwald & Salo, Edward S. Grenwald, John M. Sheftall, Powell, Goldstein, Frazer & Murphy, T. Winston Huff, Jeffrey W. Kelley, Judith M. Becker, Sutherland, Asbill & Brennan, Charles T. Lester, Jr., Larry J. White, R. Michael Robinson, King & Spalding, George H. Lanier, J. Warren Ott,* for First National Bank of Atlanta et al.