CHARLES E. SCHROEDER & another, trustees,[1] *vs.* JAMES
DEERING DANIELSON & others.[2]

No. 93-P-602.

Middlesex. June 15, 1994. - October 7, 1994.

Present: KASS, PORADA, & IRELAND, JJ.

*Trust*, Interpretation, Construction, Adopted child. *Words*, "Children of
the body," "Issue."

The term "children of the body" used in a 1953 trust instrument plainly
and unambiguously demonstrated the settlor's intent to exclude an
adopted grandchild and his issue [453-455]; and, similarly, adopted
children of the biological grandchildren were excluded under the appli-
cable statutory presumption of intent of the pre-1958 version of the
controlling statute, G. L. c. 210, § 8 [455].

CIVIL ACTION commenced in the Middlesex Division of the
Probate and Family Court Department on December 19,
1989.

The case was heard by *Vincent F. Leahy*, J., on a motion
for summary judgment.

*Allan van Gestel* for Robert C. Pomeroy, guardian ad
litem.

*Lisa C. Wood* for Thomas P. Jalkut, guardian ad litem.

*James C. Heigham* for Marion Danielson Strachan &
others.

[1]Of the Richard E. Danielson, Jr. Trust, the James Deering Danielson
Trust, and the Marion Danielson Strachan Trust.

[2]Marion Danielson Strachan, Barbara S. Danielson, Jocelyn Tennille,
Richard Strachan, Stephen Strachan, Christiana Candida Danielson
Burnap, Catherine Andrea Massey, Christopher S. Massey, Richard S.
Massey, Lauren W. Peake, Andrew D. Peake, Attorney General of the
Commonwealth of Massachusetts, Boston Museum of Science,
Massachusetts General Hospital, Nashoba Community Hospital, Lee
Danielson, Audrey M. Danielson, Brooke E. Danielson, Richard W.
Danielson, and Hilary O'Daniel Danielson.

*Martin Fantozzi* for Thomas J. Sartory, guardian ad litem.

*Samuel Adams*, guardian ad litem, & *Patricia R. Hurley*, for minors and persons unborn or unascertained, joined in a brief.

*William F. Lee, Jennifer C. Snyder & David B. Bassett*, for Lee Danielson, joined in a brief.

PORADA, J. The trustees of three inter vivos, irrevocable trusts created in 1953 filed a complaint for instructions with the Probate and Family Court to determine whether the words "children of the body" of the settlor's children included the adopted grandchild of the settlor and whether the word "issue" included the adopted issue of the biological grandchildren of the settlor in those trusts. All the living biological issue of the settlor filed a motion for summary judgment on the ground that the use of these phrases evinced an unambiguous intent to exclude adopted grandchildren and adopted issue. The Probate Court judge concluded that the settlor never considered the question raised in the complaint. He, therefore, considered the matter governed by G. L. c. 210, § 8, and applied the statutory presumption that a settlor who used the word "child" or its equivalent in a trust instrument intended to include his own adopted children but that a "stranger to the adoption" did not intend to include adopted children by use of those terms unless a contrary intent plainly appeared in the instrument.[3] Since there was nothing in the three trusts to indicate that adopted children were to be included as "children of the body" or "issue," the judge ruled that they did not take under the trusts and allowed summary judgment. The adopted grandchild and the

---

[3]The probate judge applied the rule of construction of G. L. c. 210, § 8, as in effect prior to St. 1958, c. 121, § 1, which provides: "The word 'child' or its equivalent, in a grant, trust-settlement, entail, devise or bequest shall include a child adopted by the settlor, grantor or testator, unless the contrary plainly appears by the terms of the instrument; but if the settlor, grantor or testator is not himself the adopting parent, the child by adoption shall not have, under such instrument, the rights of a child born in lawful wedlock to the adopting parent, unless it plainly appears to have been the intention of the settlor, grantor, or testator to include an adopted child . . . . "

guardians ad litem appointed for the biological issue and the adopted issue of any adopted grandchildren[4] filed this appeal. A cross appeal was filed by the guardian ad litem appointed for the adopted issue of the settlor's biological grandchildren. Although on somewhat different grounds than those relied on below, we affirm the judgment.

The pertinent facts are not contested. On January 19, 1953, Barbara Deering Danielson (the settlor) established an irrevocable trust for each of her three children: Richard E. Danielson, Jr., James Deering Danielson, and Marion Danielson Strachan. Each trust provided that the income from the trust be paid to the child for life. Upon the death of the child, each of the trusts provided that "the Trustees shall pay over and distribute the entire net income from the Trust Estate in equal shares to the [settlor's] grandchildren from time to time living, the issue of a deceased grandchild to take such grandchild's share, per stirpes. The terms 'grandchild' or 'grandchildren' wherever used in this agreement shall include only the children of the body of RICHARD E. DANIELSON, JR., JAMES DEERING DANIELSON AND MARION DANIELSON STRACHAN." The trusts did not define "issue."

At the time of the creation of the trusts, the settlor did not have any adopted children or adopted grandchildren. One year after the trusts' creation, the settlor's son, Richard E. Danielson, Jr., adopted Lee Danielson, the son of his wife by a previous marriage, who was then six years old. During the settlor's lifetime, the settlor treated Lee Danielson no differently than her other grandchildren. The settlor's son Richard E. Danielson, Jr., died in 1988. Lee Danielson then requested that he be included among the beneficiaries that were entitled to share in the distributions of income from the Richard E. Danielson Trust. The trustees commenced this action seeking instructions from the Probate Court.

---

[4]There was only one adopted grandchild, Lee Danielson, at the time of this litigation. Audrey, Brooke, Richard, and Hilary Danielson are his four (biological) children.

We turn now to the arguments on appeal. The primary argument is that the words "children of the body" and "issue" as used in the trusts do not reflect an unambiguous intent to exclude adopted grandchildren or other adopted issue from the class of beneficiaries who take under the trusts. The adopted grandchild and the guardians ad litem for his issue contend that the meaning of these words must be determined by the statutory presumption of intent set forth in the 1969 version of G. L. c. 210, § 8, which reversed the statutory presumption against adopted persons contained in the version of the statute relied on by the probate judge.[5] They argue that the 1969 statute is to be applied retroactively to these trusts executed in 1953 and that, in any event, the statute relied on by the probate judge is invalid because the distinction it draws between biological and adopted descendants violates the equal protection clauses of the Federal and State Constitutions.

The interpretation of a written trust is a matter of law to be resolved by the court. *Mazzola* v. *Myers*, 363 Mass. 625, 633 (1973). *Dana* v. *Gring*, 374 Mass. 109, 113 (1977). A trust should be construed "to give effect to the intention of the settlor as ascertained from the language of the whole instrument considered in the light of the attendant circumstances." *Harrison* v. *Marcus*, 396 Mass. 424, 429 (1985). We are in as good a position as the motion judge to do this.

The trusts specifically provide that the words "grandchild" or "grandchildren" wherever used in the trust instruments shall include only "children of the body" of the settlor's three children. We consider these words clear and unambiguous.[6] They can have no meaning other than to require a biological

[5]General Laws c. 210, § 8, as amended through St. 1969, c. 27, § 1, provides: "The words 'child', 'grandchild', 'issue', 'heir', or 'heir-at-law', or their respective equivalents in a grant, trust settlement, entail, devise or bequest, shall include one who is adopted to the same extent as if born to the adopting parent or parents in lawful wedlock, whether the adoption was decreed before or after the date of execution or the effective date of any such grant, trust settlement, entail, devise or bequest, unless the contrary plainly appears by the terms of the instrument."

[6]Of course, better draftsmanship should have eliminated the problem. If the drafters of the document had written that "the terms 'grandchild' or

relationship. See *Sewall* v. *Roberts*, 115 Mass. 262, 275, 276-277 (1874). Numerous courts in other jurisdictions have reached the same conclusion. See, e.g., *Epstein* v. *First Natl. Bank*, 260 Ga. 217 (1990) ("use of the phrase 'children of his body' evidences an intent to include only natural children" in the blood line); *Vega* v. *Kosair Charities Comm., Inc.*, 832 S.W.2d 895, 897 (Ky. Ct. App. 1992)("Use of the term 'issue of the body' in a will shows an intent to exclude adopted children"); *Moore* v. *McAlester*, 428 P.2d 266, 270 (Okla. 1967)(phrase "issue of her body" is used for "one purpose and one purpose only — to exclude adopted children"); *Third Natl. Bank in Nashville* v. *Stevens*, 755 S.W.2d 459, 464 (Tenn. Ct. App. 1988)(term "bodily issue" excludes adopted persons and is expression of "contrary intent" such that statutory presumption need not apply); *Nail* v. *Thompson*, 806 S.W.2d 599, 600-601 (Tex. Ct. App. 1991)(bequest to lawful heirs "born of the body" excludes adopted children).

Other jurisdictions, however, have reached a contrary result. See, e.g., *Weilert* v. *Larson*, 84 Ill. App. 3d 151, 155-156 (1980) (phrase "issue of their body" does not plainly express an intent to exclude adopted children); *In re Trusts ex rel. Harrington*, 311 Minn. 403, 406 (1977)(use of the term "issue of her body" does not indicate an intent to exclude an adopted child from the benefits of a trust); *In re Estate of Ogden*, 353 Pa. Super. 273, 284-285 (1986)(the terms "children of the body" and "heirs of the body" do not, by themselves, evince a clear intent to exclude adopted children). In those cases where the latter result has been reached, the courts concluded that the use of the phrase "of the body" did not show an intent to exclude adopted children, and, consequently, resort to a statutory presumption in favor of adopted children in trusts and testamentary instruments was called for.

In sum, we conclude that the settlor, having signed a document with this operative language, intended that the adopted

---

'grandchildren' shall not include adopted children" of the settlor's children, this litigation would have been avoided.

grandchild, Lee Danielson, and his issue, adopted or natural, would not take under the trusts. Deciding as we do, that the settlor's intention to exclude adopted grandchildren and their issue "plainly appears" from the face of the instruments, we need not consider the applicability of any presumption contained in any version of G. L. c. 210, § 8.

Unlike the words "grandchild" or "grandchildren," the word "issue" is not defined in the trusts. The guardian ad litem appointed for the adopted issue of the biological grandchildren argues that, since the settlor specifically excluded adopted grandchildren, her failure to similarly exclude other adopted issue indicates a clear intent to include such adopted issue. In *Davis* v. *Hannam*, 369 Mass. 26, 31-32 (1975), the Supreme Judicial Court rejected a similar argument stating:

> "Counsel for the 'adopted issue' argues that since the testator in art. V specifically excluded his own adopted daughter . . . and her issue, it can be inferred that it was his intention to include adopted issue wherever not expressly excluded. This argument ignores the statutory language of G. L. c. 210, § 8, which excludes adopted children unless 'it plainly appears to have been the intention of the . . . testator to include an adopted child.' "

We consider the *Davis* case dispositive of the guardian ad litem's argument. See also *Foley* v. *Evans*, 30 Mass. App. Ct. 509, 514 (1991). Since the settlor did not indicate a clear intent to include adopted issue under the terms of the trusts, adopted issue are excluded under the applicable statutory presumption of intent of the pre-1958 version of the statute, which we deem controlling. (The guardian ad litem appointed for the adopted issue of the biological children does not argue that any other version of G. L. c. 210, § 8, applies.) See *Boston Safe Deposit & Trust Co.* v. *Fleming*, 361 Mass. 172, 179-183 (1972); *Davis* v. *Hannam*, 369 Mass. at 31; *New England Merchants Natl. Bank* v. *Groswold*, 387 Mass. 822, 824 (1983).

The one remaining argument made by the adopted grandchild and the guardians ad litem for his biological and adopted issue is that the pre-1958 version of the statute violates the equal protection clauses of the Federal and State Constitutions. This constitutional guarantee limits only the actions of government; it does not apply to purely private actions. *Powers* v. *Wilkinson,* 399 Mass. 650, 654 (1987). Since we have concluded that the words "children of the body" evince the settlor's intent to exclude an adopted grandchild from the terms of the trust, the equal protection clause is not implicated because it is the action of the settlor and not the State that discriminates against adopted individuals. Accordingly, we need not reach this issue because the guardian ad litem for the adopted issue of the biological children has not challenged the constitutionality of the pre-1958 version of the statute.

*Judgment affirmed.*