## S08A1792. ELROD et al. v. COWART.
(672 SE2d 616)

CARLEY, Justice.

Henry E. Smith (Testator) died in 1970. In pertinent part, Item 4 of his will disposed of his real property as follows:

I will, bequeath and devise all real estate . . . which I own at

the time of my death to my son . . . Will Henry Smith [Life Tenant] for and during his natural life with the remainder to my [four] daughters . . . , my grandson Dean Smith and any child or children of [Life Tenant] who shall together take an equal part with my . . . four daughters and . . . Dean Smith, share and share alike. If any of [the] four . . . daughters are deceased, the share of the deceased daughter is to go to her child or children, share and share alike; and in the event that . . . Dean Smith pre-deceases . . . [Life Tenant], then his share shall go to my . . . four . . . daughters and to any child or children of [Life Tenant] in the proportion set out to them herein above. . . .

Life Tenant did not ever have any biological children. In 2004, however, a superior court entered a final judgment and decree of adoption, declaring Steven Dewayne Cowart (Appellee), who was 32 years old, "to be the adopted child of [Life Tenant], capable of inheriting his estate according to law." Life Tenant died in 2005.

In 2007, two remaindermen filed a petition for construction of Testator's will and for declaratory judgment, disputing Appellee's entitlement to a remainder interest. The other remaindermen generally admitted and adopted the allegations of the petition. On cross-motions for summary judgment, the superior court granted summary judgment in favor of Appellee and against all of the other parties (Appellants). The superior court found that the four corners of Testator's will did not express any intention to exclude adopted children when he devised a one-sixth remainder interest to "any child or children" of Life Tenant, and that there is no genuine issue of material fact in that regard. Relying on *Warner v. First Nat. Bank*, 242 Ga. 661 (251 SE2d 511) (1978), the superior court further found that the law applicable at the time of Testator's death in 1970 governs the construction of his will and that, under that law, Appellee as an adopted adult "child" of Life Tenant would take under the will of his non-blood related ancestor by adoption. Appellants appeal from that order.

"Testator's 'will expressed no intention regarding the law to be used in its construction(;) therefore, the law in effect at (his) death governs.' [Cit.]" *Haley v. Regions Bank*, 277 Ga. 85, 89 (2) (586 SE2d 633) (2003). See also *Warner v. First Nat. Bank*, supra at 664 (1). The law in effect at the time of Testator's death in 1970 extended the inheritance rights of an adopted adult beyond the adopting parent and provided a rule for interpretation of wills, as follows:

Said adopted adult shall be considered in all respects as if he or she were a son or daughter of natural bodily issue of [the

adopting parent] . . . ; and shall be deemed a natural child of [such parent] to inherit under the laws of descent and distribution in the absence of a will and to take under the provisions of any instrument of testamentary gift, bequest, devise or legacy unless expressly excluded therefrom.

Ga. L. 1967, pp. 803, 804-805, § 1 (amending Code Section 74-420 of the Code of 1933, which was the predecessor of OCGA §§ 19-8-19 (a) (2), 19-8-21 (b)). Therefore, under the law in effect at Testator's death, "an adopted adult person[ ] would be deemed a natural child under a testamentary devise unless expressly excluded therefrom. [Cit.]" *Faulk v. Faulk*, 240 Ga. 373, 375 (240 SE2d 848) (1977).

In every relevant part, the language of the 1967 law is identical to a 1949 law applicable to persons who were adopted prior to becoming an adult. Ga. L. 1949, pp. 1157, 1158, § 1. See also *Haley v. Regions Bank*, supra at 90 (2); Redfearn, Wills, Ga., § 9-4 (6th ed.) (recounting the history of the law regarding inheritance rights of adopted children). Furthermore, both the 1949 and 1967 laws struck language from a prior law stating that to all persons other than the adopting parent, the adopted person "shall stand as if no such act of adoption had been taken." Ga. L. 1967, p. 803, § 1; Ga. L. 1949, pp. 1157, 1158, § 1. Relying on the interpretation of the 1949 law in *Thornton v. Anderson*, 207 Ga. 714 (64 SE2d 186) (1951), this Court has consistently held that the 1949

"amendment granted a child by adoption the same rights and privileges as a natural born child to take by bequest or devise under the will of an ancestor by adoption." *Warner v. First Nat. Bank*, supra at 665 (1). " '(U)nder the plain language of this amendment, the previous presumptions were reversed. A testator was no longer required to specifically note in his or her will that a bequest could also flow to non-blood related children; instead, if a testator desired to limit his or her bequest to only blood-relations thereby excluding adopted children, such a provision would have to be explicit.' " [Cit.] . . . *Warner* . . . correctly distinguished *Doughty v. Futch*, 219 Ga. 677, 679 (b) (135 SE2d 286) (1964) . . . as involving a procedural point based on a former statute which is not applicable here. [Cit.]

*Haley v. Regions Bank*, supra.

The 1949 law was amended in 1975 to add the following language: "An adopted child may take by inheritance from relatives of the adopting parents. An adopted child may also take as a 'child' of the adopting parent under a class gift made by the will of a third

person." Ga. L. 1975, pp. 797, 799, § 1. However, "it is 'presumed that the legislature did not intend to effect a greater change than is clearly apparent either by express declaration or by necessary implication.' [Cit.]" *SRM Realty Services Group v. Capital Flooring Enterprises*, 274 Ga. App. 595, 599 (1) (617 SE2d 581) (2005). The 1975 amendment was identical to our longstanding interpretation of the 1949 law. It follows that the effect of that 1975 amendment was "merely to make explicit that which the statutory provisions had previously made [partially] implicit. Thus, the result of the [1975 amendment] was only to change the clarity with which the statute originally spoke . . . ." *Colwell v. Voyager Casualty Ins. Co.*, 184 Ga. App. 842, 844 (363 SE2d 310) (1987). See also *Anderson v. State*, 261 Ga. App. 716, 719 (583 SE2d 549) (2003); *Osborne Bonding & Surety Co. v. State of Ga.*, 224 Ga. App. 590, 592-593 (481 SE2d 578) (1997); *Garel v. Ga. Insurers' Insolvency Pool*, 191 Ga. App. 572, 573 (382 SE2d 400) (1989).

Accordingly, we once again decline to modify our holding in *Warner*. See *Epstein v. First Nat. Bank*, 260 Ga. 217, 218 (1) (391 SE2d 924) (1990). Furthermore, *Warner* cannot be distinguished on its facts. Under that precedent, the rule of construction in the 1949 law is mandatory and, contrary to Appellants' arguments, parol evidence of the surrounding circumstances is not considered. Instead, only the four corners of the will must be examined to determine whether adopted persons are expressly excluded. In addition, where, as here, the adoption order is not void on its face, it is not subject to collateral attack. *Porter v. Johnson*, 242 Ga. 188, 190-191 (2) (249 SE2d 608) (1978).

Because the holding of *Warner* clearly applies under the 1967 adult adoption law, and because Testator's will does not expressly exclude adopted persons, we affirm the superior court's interpretation of the will and hold that Appellee, the adopted grandson of Testator, is entitled as a matter of law to inherit under the will to the same extent as would a natural born child of Life Tenant. *Warner v. First Nat. Bank*, supra. We note that our holding is consistent with

> a number of other courts [which] have held or recognized that adult adoptees were presumed to be within a testamentary trust class, giving property rights to "children," "issue," or the like, often reasoning[, as we have,] that statutes equating the legal treatment of biological and adopted children made no distinction as to the age of the adopted person.

Jay M. Zitter, Annotation, *Adopted Child as Within Class Named in Testamentary Gift*, 36 ALR5th 395, § 2 [a] (1996). See also Zitter,

supra at § 18.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2009 —
RECONSIDERATION DENIED FEBRUARY 9, 2009.

*Jenkins & Olson, Brandon L. Bowen, Erik J. Pirozzi, William A. Neel, Jr., B. Shane Haney,* for appellants.

*White, Choate & Watkins, Harry B. White, W. Anthony Moss, John T. Mroczko,* for appellee.