SETH T. THACHER vs. ELIZABETH D. WESTON.

Essex.   November 7, 1907. — January 2, 1908.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Contract*, Performance and breach.   *Option.   Realty.*

One, who has an option to purchase certain real estate by the payment of a price named before a certain day, does not give notice of his election to purchase the real estate under the option by advertising it to be sold by him at auction at a date three days before the option expires.

One who holds an instrument in writing signed by the owner of certain real estate, giving him the option to purchase it by the payment of a price named before a certain day, has no interest in the real estate until he has elected to purchase it and has given notice of such election.

TORT OR CONTRACT, with a declaration as stated below. Writ dated January 3, 1907.

The plaintiff's amended declaration alleged

That the defendant made with the plaintiff a contract in writing as follows :

"April 14, 1902.

"In consideration of Twenty-five Dollars ($25.00), the receipt of which I hereby acknowledge, I hereby agree to sell to Seth T. Thatcher for the sum of Ten Thousand Dollars ($10,000), the estate on the westerly side of Cabot street, situated between Federal and Pond streets.

"This agreement to be null and void on or after January 1, 1903.

"Mrs. Elizabeth D. Weston."

That on or before the thirty-first day of December, 1902, and within the time allowed by the terms of the contract, the plaintiff exercised his rights thereunder to purchase the property, and in accordance therewith the defendant conveyed to the appointee of the plaintiff the above described property for the consideration of the sum and payment of $10,000, and has done all things which were to be done to complete the transaction. That by the implied conditions and terms of the contract the defendant agreed and covenanted with the plaintiff that she would always

hold herself in readiness to perform the contract and convey the property when called upon to do so and when tendered the purchase price by the plaintiff, and that she would refrain from the commission of any act which would prejudice or defeat the plaintiff in any way, or deprive him of the full benefit and enjoyment of his rights thereunder. That in pursuance of and in the exercise of the legal rights which the plaintiff acquired by virtue of the contract, the plaintiff advertised extensively and at great expense in the Beverly Evening Times the property for sale by auction on the twenty-ninth day of December, 1902, it being two days before the contract became void by its terms.

That, being charged with full knowledge of the legal rights which the plaintiff acquired under the contract and that the plaintiff purposed and intended to sell the property and for a profit, the defendant, in violation of the conditions and duties which the defendant owed to the plaintiff, committed the following acts in breach of said contract, viz. :

On the twenty-ninth day of December, 1902, when large numbers of people were present at the auction sale as appointed, in response to the plaintiff's advertisements, and as a result of his efforts, one Boyden, acting as agent and attorney and under the authority of the defendant Weston, being present, called the attendants together and read to them, in their hearing, a certain document, and made a certain declaration to them, a copy of which is as follows:

" In connection with the proposed sale of the Weston Real Estate, on the westerly side of Cabot street, Beverly, numbered 260–264, I wish to say on behalf of Mrs. Elizabeth Weston that she did not authorize the statement made a little while ago in the Beverly Times that this property had changed hands; that such a statement was in fact false ; that she has not authorized the recent advertisements announcing the auction sale of that property, and does not now consent to the sale ; that she has been and is to-day the sole owner of the real estate advertised to be sold.

" Further, upon a Bill of Complaint filed to-day by Mrs. Weston, an Order of Notice was granted this morning by Judge Wait of the Superior Court summoning S. Tracy Thacher before his Court tomorrow, at four o'clock, to show why an injunc-

tion should not be issued by that Court forbidding such a sale as this; that due service of this Order of Notice has been made on Mr. Thacher, and both he and any intending purchaser are hereby notified of Mrs. Weston's Bill of Complaint asking an injunction, and the Order of Notice issued on the same.

" So far as Mrs. Weston is aware, the only claim of interest in this property by Mr. Thacher, or any one except herself, is a document by which Mr. Thacher may claim to hold an option of purchase.    This document was drawn up wholly by Mrs. Weston, who has had no legal education or training, and is ignorant of the technical details necessary to make an agreement for the sale of land valid and binding.    Mrs. Weston does not admit that this agreement is legally binding, and in this connection states that Mr. Thacher has persistently refused to allow her, by her agent, to examine the copy which is in his possession, and is the only copy.

" Mrs. Weston hereby announces that she reserves all her rights of any sort in connection with this property ; that she will not convey the same unless legally bound to do so, and that any purchaser here buys at his peril, with due notice of the facts stated."

That Boyden, acting as agent and attorney of the defendant, expelled the attendants at the auction sale from the sidewalk in front of the premises, and pursuant to his demands the auction sale was held across the street.

And the plaintiff further says that there were a large number of people present at the auction sale who were prepared to bid on the property and to buy it for a large sum of money, and were prepared to bid on the property and to buy it for a much larger sum of money than the amount of the purchase price as stated in the contract, and for a much larger price than the actual amount of the selling price.    That in order to protect the plaintiff from a loss the property was bid in at the request of the plaintiff for the sum of $11,300, the property being sold therefor, at a large sacrifice, for several thousand dollars less than its actual worth and value, and for much less than it would have sold for had it not been for the acts of the defendant. That because of these acts contrary to the implied terms and conditions of the contract, the plaintiff's benefits and profits were

greatly injured, reduced and diminished to the value of several thousand dollars.

The defendant demurred to the declaration, and as causes of demurrer alleged the following :

1. It does not appear in the declaration that the plaintiff had any right in the premises which was infringed.

2. It does not appear in the declaration that the plaintiff had any title to or ownership in the property therein described, of which he held himself to be owner, and which he advertised for sale as therein described, and he was therefore not injured by the alleged inadequacy of price at said sale.

3. No contract on the part of the defendant can be implied from the contract set out and the attending circumstances, which would obligate the defendant not to take the action described in the declaration.

4. It does not appear by the declaration that the plaintiff was damaged in his rights under the contract.

5. The declaration states no legal cause of action.

In the Superior Court the case was heard by *Schofield*, J., who sustained the demurrer on each of the grounds alleged by the defendant, and ordered that, unless the plaintiff should amend his declaration further before a certain day, judgment should be entered for the defendant. Judgment was so entered, and the plaintiff appealed.

The case was submitted on briefs.

*W. E. Clapp*, for the plaintiff.

*A. Boyden*, *J. G. Palfrey & E. C. Bradlee*, for the defendant.

HAMMOND, J. The demurrer was rightly sustained. The plaintiff had simply the option to purchase or not, as he saw fit, the real estate, upon the payment by him of $10,000. It is nowhere alleged in the declaration, either expressly or by fair implication, that at the time of the committal of the acts of which the plaintiff complains he had given notice that he elected to purchase. His contention that his acts with reference to the auction show such election, is untenable. To one reading between the lines such an attempt to sell indicates an intention to postpone a decision until after the auction rather than an election to purchase whatever may be the result.

We do not mean to indicate that, even if before the auction he

had given notice of his election to purchase, the defendant's acts would not have been strictly within her legal rights. Certainly before such notice the duty owed by the defendant to the plaintiff was simply to hold herself ready to convey the property to the plaintiff when he paid the purchase price. The contract gave him no interest in the property. She remained the owner as before, and the only thing he had was the contract for an option. The principle upon which the plaintiff relies that a prospective vendor holds the estate for the vendee is not applicable, in such a state of things, to the extent claimed by the plaintiff.

The defendant agreed to sell to the plaintiff, upon the payment by him of a certain sum, at his option to be exercised within a certain time. Within the time the plaintiff elected to purchase, paid the money, and the defendant conveyed the property as she agreed. The defendant failed in no duty which she owed to the plaintiff. Among the authorities bearing upon the principles involved, see *Bostwick* v. *Hess*, 80 Ill. 138; *Chappell* v. *McKnight*, 108 Ill. 570; *Provident Life & Trust Co.* v. *Mills*, 91 Fed. Rep. 435; *Frick's appeal*, 101 Penn. St. 485; *Edwards* v. *West*, 7 Ch. D. 858; and also the cases cited in 21 Am. & Eng. Encyc. of Law, (2d ed.) 934.

*Judgment for the defendant.*