CALEB W. WARNER & another, trustees, *vs.* SYLVIA C. WHITMAN & others.

Suffolk.   December 8, 1967. — January 3, 1968.

Present: SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Trust*, Class gift.   *Rule against Perpetuities.*

Construed as a whole, an irrevocable indenture of trust providing that upon the death of the settlor's daughter income given to her for life should "revert to her surviving children, share and share alike," created a class gift to her children with right of survivorship among them; and where, as matters turned out, the daughter died survived by three children, of whom the older two were lives in being at the time the trust was executed and the youngest was born several years thereafter, and the youngest died survived by the older two, there was no violation of the rule against perpetuities in the construction of the indenture as creating such class gift to the children and in accordingly ordering the deceased youngest child's share of the income to be paid to the surviving two older children.

PETITION for instructions filed in the Probate Court for the county of Suffolk on August 13, 1965.

The case was heard by *Keville,* J.

*Virginia Aldrich* for the respondents Allen E. Kline & another executors.

*Weld S. Henshaw* for the respondents Sylvia C. Whitman & another.

SPALDING, J. On August 6, 1924, Stephen V. R. Crosby executed an irrevocable indenture of trust. Under it he gave his trustees discretionary power to pay one half of the income to his daughter, Katharine Schuyler Choate, for life, and one half to his son, Henry, for life. Upon the death of Katharine her interest was to "revert to her surviving children, share and share alike." Elsewhere the indenture provided that after the death of all the beneficiaries the principal and accumulated income were to revert to the settlor. By a separate instrument dated September 12, 1949, the settlor assigned to The Children's Hospital all his "present and future beneficial interest . . . in the trust property (whether capital or income) now or hereafter held under the said indenture."

At the time the trust was executed Katharine was the mother of one child born on September 24, 1922, and was expecting a second child who was born on November 6, 1924. A third child, Angelica, was born to her on December 31, 1928. Katharine died on November 29, 1959, survived by her three children, Sylvia C. Whitman, Robert B. Choate, Jr., and Angelica C. Goffman.

The income from the trust was paid in equal shares to the three children until the death of Angelica C. Goffman on April 27, 1964, the only child of Katharine who was not a life in being when the trust was created. From April 27, 1964, until April 7, 1965, the trustees paid the entire net income of the trust to the two surviving children of Katharine, Sylvia C. Whitman and Robert B. Choate, Jr., in equal shares.

The trustees then brought this petition in the Probate Court seeking instructions as to whom the one-third share

of income to which Angelica had been entitled should be paid. A decree was entered directing the trustees to pay in their discretion Angelica's share of the income to her surviving brother and sister, Robert B. Choate, Jr., and Sylvia C. Whitman, in equal shares. Allen E. Kline and Wells Fargo Bank, executors of Angelica's will, appealed.

We are of opinion that the judge was right in construing the provisions under consideration as creating a class gift with a right of survivorship to Angelica's share of the income in favor of her brother and sister. While there is some authority to the effect that the words "share and share alike" in the trust instrument suggest a tenancy in common (*Shattuck* v. *Wall*, 174 Mass. 167), the following facts lead to an opposite conclusion: (1) The indenture makes no provision for the issue of Katharine's children in the event any child should die before the termination of the trust. See *Old Colony Trust Co.* v. *Treadwell*, 312 Mass. 214, 217. Although not decisive, the failure to provide for such issue is significant when coupled with the fact that the settlor expressly provided for his son's income interest should he die without issue. To deal with this possibility the settlor created a cross limitation in favor of Katharine. (2) None of the children of Katharine is named. In fact it would not have been feasible to name them because when the indenture was executed Katharine had but one child and there was a possibility of others. The children thus would seem to constitute a natural group. See *Springfield Safe Deposit & Trust Co.* v. *Dunn*, 243 Mass. 7, 9–10; *Boston Safe Deposit & Trust Co.* v. *Park*, 307 Mass. 255, 262–263. (3) Had Angelica predeceased her mother her estate would have taken nothing under the trust because the instrument makes provision only for "surviving children." There is no indication that Angelica's estate should have greater rights with respect to her surviving brother and sister simply because she survived her mother. See *New England Trust Co.* v. *Berry*, 310 Mass. 35, 38.

Contending that no class gift was intended, and that a tenancy in common was created whereby the gift of income

vested in the children at their mother's death, the appellants argue that a class gift construction would involve a violation of the rule against perpetuities and that, if possible, a construction which is not repugnant to the rule should be adopted. *New England Trust Co.* v. *Wood*, 326 Mass. 239, 244. On August 6, 1924, the effective date of the trust, the settlor's daughter, Katharine, had one child almost two years old and was expecting another. A third child, Angelica, whose share of income is now in question, was born approximately four years later. As the gift to the children was not limited to children of Katharine born or conceived prior to the date of the instrument, a class gift construction could result in income shifting among the members of the class, some of whom might have been born after 1924. If, for example, there were two after-born children, it was possible they would survive all others and that more than twenty-one years after the deaths of all lives in being income would shift between them. Since there was, in fact, only one after-born child (Angelica),[1] the rule against perpetuities could not be violated because even if Angelica had been the survivor, she would have received the other children's income shares at the termination of lives in being. As matters turned out Angelica predeceased her brother and sister and her income interest then shifted to lives in being, her brother and sister.

Had the trust instrument become effective at any time after January 1, 1955, the class gift would clearly have been valid and the settlor's intent fully carried out because of the changes made by G. L. c. 184A, § 1, inserted by St. 1954, c. 641, § 1. Section 1 provides: "In applying the rule against perpetuities to an interest in real or personal property limited to take effect at or after the termination of one or more life estates in, or lives of, persons in being when the period of said rule commences to run, the validity of the interest shall be determined on the basis of facts existing at the ter-

---

[1] For purposes of the rule against perpetuities Katharine's second child, who was born three months after the trust was executed, is to be regarded as a life in being. Am. Law of Property, § 24.15.

mination of such one or more life estates or lives." Section 2 of c. 641 of St. 1954 provides that the act was to take effect on January 1, 1955, and that it should apply to inter vivos instruments taking effect after January 1, 1955.

The question thus presented is whether the validity of the class gift for purposes of the rule against perpetuities may be determined in the light of facts as they actually existed at the death of Katharine. Although the statute operates prospectively, the Legislature has clearly expressed the policy of the Commonwealth and we feel that this court is justified in applying that policy to the provisions under consideration.

The policy behind the rule against perpetuities is not violated if the trust instrument is given the construction we have placed on it. Property was not in fact tied up beyond the period of the rule. As was said in *Merchants Natl. Bank* v. *Curtis*, 98 N. H. 225, 232, "It is difficult to see how the public welfare is threatened by a vesting that might have been postponed beyond the period of perpetuities but actually was not." See Leach, Perpetuities in Perspective: Ending the Rule's Reign of Terror, 65 Harv. L. Rev. 721; Am. Law of Property, § 24.10. See also *Sears* v. *Coolidge*, 329 Mass. 340, 343.

The decree is affirmed. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*