CERTIFIED CORP. *vs*. GTE PRODUCTS CORPORATION & others[1].

Bristol. April 4, 1984. — August 16, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Judgment on the pleadings, Answer. *Rule Against Perpetuities. Contract,* Option.

An option for a term of twenty-five years, granting the right to purchase a certain parcel of commercial real property, violated the rule against perpetuities and was therefore void. [823-826]

CIVIL ACTION commenced in the Land Court Department on November 16, 1982.

On transfer to the Superior Court Department, the case was heard by *Volterra, J.,* on motions for judgment on the pleadings.

The Supreme Judicial Court granted a request for direct appellate review.

*Charles F. Barrett (Anne L. Josephson* with him) for the plaintiff.

*Donald B. Gould* for GTE Products Corporation.

*John C. Corrigan, Jr.,* for Greater Fall River Development Corporation.

LIACOS, J. Certified Corp. (Certified) brought this action, pursuant to G. L. c. 231A, seeking a declaration that an option for twenty-five years to purchase real estate, given in 1964 to Certified's predecessor-in-interest by Greater Fall River De-

---

.  [1] Greater Fall River Development Corporation, Fall River Savings Bank, Fall River Trust Company, Fall River Five Cents Savings Bank, Slades Ferry Trust Company, Union Savings Bank, First Federal Savings & Loan Association of Fall River, B.M.C. Durfee Attleboro Trust Company, Bank of New England-Bristol County, and Citizens Savings Bank.

The banks named as defendants hold collectively a mortgage on the property, but they have not actively participated in this action.

velopment Corporation (GFRDC) was valid, and that Certified could specifically enforce the option against GFRDC, the owner, and GTE Products Corporation (GTE), the present lessee of the property. GFRDC and GTE filed motions for judgment on the pleadings, Mass. R. Civ. P. 12 (c), (h) (2), 365 Mass. 754 (1974), asserting that the option violates the rule against perpetuities, and therefore is void and unenforceable.[2] A judge in the Superior Court allowed the motions and entered judgment for the defendants. We granted Certified's application for direct appellate review. We affirm.

Certified contends that the judge erred because the option does not create any interest in property and thus should not be subject to the rule against perpetuities.[3]

We consider the judge's allowance of the motions for judgment on the pleadings to be correct if "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), quoting *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Mass. R. Civ. P. 12 (c), (h) (2). For purposes of this appeal, we assume that the facts alleged in

---

[2] The option was executed contemporaneously with, but separately from, a lease agreement under which Certified Pharmacal Fall River Trust (Trust), Certified's predecessor-in-interest, became lessee for twenty-five years of certain property owned by GFRDC. GFRDC gave the option in consideration for a "guaranty," which was a separate document in which Certified guaranteed the Trust's rental payments under the lease. When the Trust defaulted on the rent payments, Certified, the Trust, and GFRDC executed a termination agreement in 1966 under which GFRDC was released from all liabilities with respect to the lease. Whether the agreement also terminated the option is a potential issue in the case. That issue becomes moot in light of our agreement with the judge's ruling that the option was void ab initio.

In 1966, GFRDC entered into a new lease and option contract with GTE.

[3] Certified also appears to contend that GFRDC and GTE should be denied the right to assert the defense of the rule against perpetuities in their motions for judgment on the pleadings because they did not set forth the rule as an affirmative defense in their answers. By stating as a defense in their answers and by their motions that the option was invalid and unenforceable, and that Certified's complaint failed to state a claim on which relief could be granted, GTE and GFRDC satisfied the requirements of Mass. R. Civ. P. 12 (b) (6) and (h) (2), 365 Mass. 754 (1974), which allow a party to present, by motion, the particulars of a defense of failure to state a claim on which relief can be granted. Cf. Mass. R. Civ. P. 12 (c), (d), 365 Mass. 754 (1974).

the complaint, together with all inferences reasonably drawn therefrom, are true. *Armano* v. *Federal Reserve Bank,* 468 F. Supp. 674, 675 (D. Mass. 1979). Cf. *Pupecki* v. *James Madison Corp.,* 376 Mass. 212, 216-217 (1978); *Rollins Envtl. Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975).

The plaintiff argues two points. First, it claims that the option does not create an interest in property; hence, the rule against perpetuities does not apply. Second, it argues that two classic cases, with holdings contrary to its first argument, namely, *Eastman Marble Co.* v. *Vermont Marble Co.,* 236 Mass. 138 (1920), and *Winsor* v. *Mills,* 157 Mass. 362 (1892), should be overruled as being contrary to public policy, at least with regard to options to buy commercial real estate.[4]

Under the common law in this Commonwealth we adhere to the rule that a contingent future interest is void unless "it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." J.C. Gray, Rule Against Perpetuities § 201, at 191 (4th ed. 1942). See *Eastman Marble Co.* v. *Vermont Marble Co., supra* at 152. The common law rule has its exceptions, but none is relevant here. See L.M. Simes & A.F. Smith, Future Interests § 1288, and Massachusetts cases cited (2d ed. 1956 & Supp. 1983). Additionally, the rule has been modified by statute. In relevant part, G. L. c. 184A modifies the rule so as to determine the validity of future interests at the termination of the applicable life estates or lives in being. The statute, however, does not alter the application of the rule with respect to options to purchase realty. See Leach, Perpetuities Legislation, Massachusetts Style, 67 Harv. L. Rev. 1349, 1355 (1954).

The plaintiff takes the position in its complaint that its option to purchase the real estate is apart from the lease.[5] Thus, the

---

[4] The plaintiff urges the adoption, as to commercial real estate, of the guidelines of the Restatement of Property § 406 comment i (1944). See *Franklin* v. *Spadafora,* 388 Mass. 764 (1983). The issue of unreasonable restraint on alienation of property was not reached by the judge. He disposed of the matter solely on the basis of the rule against perpetuities. Since we do not accept the invitation to overrule *Winsor, supra,* and *Eastman Marble Co., supra,* we also need not consider this issue.

[5] This position has two consequences, one potentially helpful to the plaintiff's cause; the other harmful. If the option is viewed as part of a lease, it

option in issue is one described as an "option in gross," i.e., an option not annexed to another document. An option to purchase property which binds the successors and assigns of each party, and which includes mutual covenants involving the property, creates a contingent equitable interest in the option holder. See *Eastman Marble Co.* v. *Vermont Marble Co., supra* at 152-153; *Winsor* v. *Mills, supra* at 365.[6] The condition

might be well outside the scope of the rule against perpetuities. See *Eastman Marble Co.* v. *Vermont Marble Co., supra* at 156; 6 American Law of Property § 24.18, at 56 (A.J. Casner ed. 1952); Gray, *supra* at §§ 101, 114. But, if the option is part of the lease, it would enhance the argument of the defendants that the option was extinguished by the termination agreement of 1966. See note 2, *supra*.

[6] There is some language in *Eastman Marble Co.* on which the plaintiff relies: "The contract in the case at bar is not a mere option to purchase. If the contract had been a simple personal agreement of that sort, it would have given . . . to the plaintiff 'no interest in the property.' *Thacher* v. *Weston,* 197 Mass. 143, 147 [1908]." *Id.* at 152. "The agreement purports to create an equitable interest in land. It is not a mere option." *Id.* at 153. Relying on these words and other authorities, including *Thacher,* the plaintiff argues that it holds a "mere option" not within the rule against perpetuities.

We need not delve too deeply into the controversy, see Gray, *supra* § 330.1, at 364-365 & n.6, as to the meaning of these words to reject the plaintiff's argument. It suffices to point out that these words in *Eastman Marble Co.* are dicta. Also, *Thacher* is a case involving an option to buy within a period of less than one year, and the issues there did not involve the rule against perpetuities. Other cases seemingly supporting plaintiff's position are distinguishable. See, e.g., *Winstanley* v. *Chapman,* 325 Mass. 130, 132 (1949) (option to purchase which binds only parties to contract *and is* exercisable only *within* their lives, not subject to rule against perpetuities); *Cornell-Andrews Smelting Co.* v. *Boston & Providence R.R.,* 209 Mass. 298, 307 (1911) (option in lease giving lessee right to purchase fee is only a contract right). Compare *Roberts* v. *Jones,* 307 Mass. 504, 507-508 (1940) (agreement, unlimited in duration, which gave each tenant in common right to purchase interest of the other tenant and initially prevented sale to stranger, constitutes unreasonable restraint on alienation and is void under rule against perpetuities).

In *Franklin* v. *Spadafora, supra,* we held that a by-law of a condominium trust limiting to two the number of units which one person could own was not an unreasonable restraint on alienation in the condominium management business since the trust by-laws were amendable at any time by consent of the majority of the owners. *Id.* at 767-768. Although we stated that "we decline to apply slavishly the rule [against perpetuities] to a form of property ownership little known at the time" of our earlier cases interpreting the rule, we cautioned that our decision was limited to the particular facts of that case. *Id.* at 768. *Eastman Marble Co.* and *Winsor* remain the law of this Commonwealth and, on their facts and holdings, are dispositive of plaintiff's claims.

precedent to the vesting of this interest is the option holder's outstanding decision to exercise the option. See J.H.C. Morris & W.B. Leach, Rule Against Perpetuities 220 (2d ed. 1962). On giving proper notice of an election to exercise the option, the option holder or his assignee may compel a conveyance of the property by obtaining specific performance of the option contract. See *Tucker* v. *Connors,* 342 Mass. 376, 381-382 (1961). Cf. *Barrell* v. *Britton,* 244 Mass. 273, 278-279 (1923). The option thus "imposes an immediate restraint upon alienation of the owner" of the property, for the period during which the option may be exercised. *Eastman Marble Co.* v. *Vermont Marble Co., supra* at 153. Morris & Leach, *supra* at 223-224. Preventing unreasonably long restrictions on the alienability of land is still a viable policy underlying the rule against perpetuities and warrants its application to options such as the one before us. Cf. *Roberts* v. *Jones*, 307 Mass. 504 (1940); 6 American Law of Property § 24.6, at 22-23 (A.J. Casner ed. 1952).

The option in this case purports to bind the successors and assigns of Certified. The option contract also imposed on Certified, as consideration for the option, the obligation to pay rent under the lease if the lessee (Trust) defaulted. In the contract, GFRDC covenanted to convey the premises by a warranty deed, free of all encumbrances, and further promised not to create any new encumbrances on the property after Certified exercised its option. By its terms, the option contract created an equitable interest in the property by binding and benefiting both parties and their successors and assigns with respect to the property, and by providing for the right to compel a conveyance of the property upon proper exercise of the option. This is the type of option contract which "concerned real estate and . . . is in the form of mutual covenants. It purports to create an absolute right to be exercised within twenty-five years and imposes an immediate restraint upon alienation by the owner for a like period." *Eastman Marble Co.* v. *Vermont Marble Co., supra.* There is no doubt that such a contract would be specifically enforceable, if valid.

Since there was no provision for the duration of this interest to be measured by any life in being at the time of its creation,

the period of perpetuities is twenty-one years, commencing from the time of the execution of the option contract. See Morris & Leach, *supra* at 66. Thus, the option, which extends for twenty-five years under the contract, is void under the rule. See *Eastman Marble Co., supra.*

Certified's complaint did not assert a set of facts which would entitle the company to relief. See *Nader* v. *Citron,* 372 Mass. 96, 98 (1977). Accordingly, the judge's order allowing the motions for judgment on the pleadings was not in error.

*Judgment affirmed.*