MARILYN F. FOLEY & another[1] *vs.* FRANK F. EVANS,
trustee.[2]

No. 89-P-984.

Essex. December 18, 1990. - April 29, 1991.

Present: WARNER, C.J., ARMSTRONG, & LAURENCE, JJ.

*Devise and Legacy*, Adopted child, Remainder interests, Residuary clause,
Rule against perpetuities, Vested right. *Rule Against Perpetuities*.
*Will*, Construction.

In a declaratory action arising from a controversy between adopted and
biological grandchildren over the construction of their grandfather's
1935 will, this court determined that the testamentary provision at issue
providing for distribution of trust principal to the testator's grandchil-
dren upon their reaching the age of 25 years did not violate the rule
against perpetuities and that, pursuant to G. L. c. 210, § 8, as in effect
prior to St. 1958, c. 121, the adopted grandchildren were not parties in
interest with a right to share in the residue of their grandfather's estate
under his will. [511-514]

CIVIL ACTION commenced in the Essex Division of the
Probate and Family Court Department on July 10, 1985.

The case was heard by *Mary McCauley Manzi*, J., on a
motion for summary judgment.

*Michael F. Ward* for the defendant.
*Jean Carey Davis* for the plaintiffs.

LAURENCE, J. This is a controversy between adopted and
biological grandchildren over the construction of their grand-
father's 1935 will. Frank F. Evans, a biological grandchild,
asserts error by the Probate Court judge in allowing the mo-
tion for summary judgment by the plaintiffs below, Marilyn
F. Foley and Sterling Leonard, the adopted grandchildren.
The gist of the judge's ruling was to declare Marilyn and

[1]Sterling Leonard.
[2]Successor trustee of the trust under the will of Frank F. Fellows.

Sterling parties in interest with a right to share in the residue of their grandfather's estate under his will, as requested in count I of their complaint. On appeal, the parties also seek this court's ruling whether the testamentary provision at issue violated the rule against perpetuities. This issue was raised as an alternative theory in count II of Marilyn and Sterling's complaint, since failure of the residuary gift over for violation of that rule would cause it to pass through as upon intestacy to all the grandchildren as ultimate heirs at law, but was not explicitly ruled on below.[3] We hold that Frank must prevail on both issues and accordingly reverse the judgment below.

The parties' grandfather, Frank F. Fellows (testator), executed his will, with the assistance of counsel, in 1934 and died in 1935. The pertinent provisions of the will directed the residue of his estate to be placed in trust, the income thereof to be divided equally between his two daughters, Ruth Evans (Frank's mother) and Dorothy Leonard (who adopted Sterling and Marilyn in 1937 and 1940, respectively), with the surviving daughter to receive all the income. The will further provided:

> "Upon the death of my surviving daughter, I give, bequeath and devise all my estate to the children of my daughter, Ruth Evans, and to any children that my daughter, Dorothy Leonard, may have, said income to be divided equally among them, or the survivor of them, until each of said grandchildren shall reach the age of

---

[3]The judge did not make the determination and direction required by Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), which would be applicable since the instant proceeding essentially sounds in equity, see Mass.R.Civ.P. 1, as amended, 385 Mass. 1214 (1982). This appears to have been an oversight by the judge, since her ruling effectively gave the plaintiffs all the relief they demanded and implicitly rejected their separate claim based upon the rule against perpetuities. Since no portion of the controversy remained unresolved below and the issues here are purely questions of law, the interests of judicial economy and repose persuade us to address the merits to put an end to this already long-standing litigation. See *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 677-678 (1977).

25 years, when each grandchild shall receive his or her share of the principal of my estate.

"In the event of the marriage of my daughter, Ruth Evans, I direct that any children born to her shall not receive nor be considered as my grandchildren as to taking anything under this will."

At the time of the will's execution in 1934 and the testator's death in 1935, Ruth Evans was divorced and had four biological children, including Frank. Ruth never remarried and died in 1961. Dorothy, who was executrix and trustee under the testator's will, died in 1984. This litigation arose when Frank thereafter petitioned for appointment as successor trustee. Marilyn and Sterling filed the instant declaratory judgment action in Essex Probate Court upon discovering that they were not listed in Frank's petition as parties in interest with respect to the testator's estate.

Under the common law rule against perpetuities (legislatively adopted by St. 1916, c. 108, §§ 1 & 2, now G. L. c. 184, § 3) no future interest was good unless it would absolutely vest not later than twenty-one years after the death of the survivor of a definable group of persons in being at the creation of the interest. Were the will construed to delay vesting until the grandchildren became twenty-five, the gift over might be held to violate the rule, since another grandchild could conceivably have been born and been less than four years old at Dorothy's death, thereby creating the possibility that such grandchild would reach twenty-five more than twenty-one years after Dorothy's death (regardless of the fact that, as here, the rule would not be violated at Dorothy's death). See generally Leach, Perpetuities in a Nutshell, 51 Harv. L. Rev. 638 (1938); Leach, Perpetuities Legislation, Massachusetts Style, 67 Harv. L. Rev. 1349 (1954). Massachusetts law has, however, always favored early vesting of remainder interests, see *Old Colony Trust Co.* v. *Clemons*, 332 Mass. 535 (1955); *Billings* v. *Fowler*, 361 Mass. 230 (1972), and the testator's will can be construed to intend vesting in each grandchild immediately at birth, with only the distribution delayed until age twenty-five. See

*B.M.C. Durfee Trust Co.* v. *Taylor*, 325 Mass. 201 (1950); *Boyd* v. *Bartlett*, 325 Mass. 206 (1950).

Even if the will arguably violated the common law rule in force in 1935, it is clear that certain amendments reforming the rule in 1954 would apply to this instrument and save the gift. See *Warner* v. *Whitman*, 353 Mass. 468, 472 (1968). Statute 1954, c. 641, § 1, inserting G. L. c. 184A, §§ 1 and 2, mitigated the harshness of the common law rule against perpetuities by adopting both a "wait-and-see" (or "second look") approach, which determines the validity of remainders and similar interests on the basis of events that actually have happened rather than those that might have happened; and a reduction to twenty-one of any age contingency that otherwise would violate the rule. Since all of the testator's grandchildren had been born and were in fact older than twenty-five at Dorothy's death in 1984, no possible contingency could prevent vesting of the entire remainder interest in them. See also *Harrison* v. *Marcus*, 396 Mass. 424, 431 n.13 (1985); *Dewire* v. *Haveles*, 404 Mass. 274, 279 n.7 (1989).[4]

Marilyn and Sterling fare no better with respect to their rights under the testator's will. When the testator died in 1935, Massachusetts law governing the rights of adopted children (other than those of the testator) under trusts and wills, G. L. c. 210, § 8, as in effect prior to St. 1958, c. 121, excluded them "unless it plainly appears to have been the intention of the . . . testator to include" adopted children.[5] A

---

[4]*Warner* v. *Whitman, supra*, held that the reform provisions of St. 1954, c. 641, applied to a 1924 trust, notwithstanding a provision in the statute stating it was to apply prospectively. Neither side has discussed the possible impact of the revisions to G. L. c. 184A, § 1, effected by St. 1989, c. 668, which substantially changed the Massachusetts rule against perpetuities. Although that legislation was declared to be prospective only, G. L. c. 184A, § 6(*a*), and no court has yet ruled on its possible retroactivity, the applicability of the 1989 provisions would not change the result we have reached, since the interests of all grandchildren would still have vested.

[5]The subsequent revision of G. L. c. 210, § 8, by St. 1958, c. 121, and St. 1969, c. 27, which completely reversed this rule so as to favor the inclusion of adopted children, applied only to post-1958 instruments, *Perkins* v. *New England Trust Co.*, 344 Mass. 287, 294 (1962), and would not in

long line of cases has uniformly held that the unambiguous language of the pre-1958 version of G. L. c. 210, § 8, excludes adoptees when the instrument uses only generic terms to identify the objects of the testator's bounty, such as "child," "heir," "issue," or the like. See, e.g., *Boston Safe Deposit & Trust Co.* v. *Fleming*, 361 Mass. 172, 178, appeal dismissed, 409 U.S. 813 (1972); *New England Merchants Natl. Bank* v. *Groswold*, 387 Mass. 822, 827-829 (1983); *Callan* v. *Winters*, 404 Mass. 198, 200-203 (1989).

We perceive nothing in the testator's will indicating a plain intention that adopted children of Ruth or Dorothy be included as beneficiaries, nor anything to show that the testator contemplated that his daughters might adopt children. See *Davis* v. *Hannam*, 369 Mass. 26, 32 (1975):

"The testator executed his will . . . with assistance of counsel, and it would not be unreasonable to assume that the testator was familiar with the law governing adopted [children] which had been in effect since 1876, and that if he had wished to include adopted [children] he would have done so in accordance with the law."[6]

---

any event have defeated Frank's vested interest, *Billings* v. *Fowler*, 361 Mass. 230, 241 (1972). The general rule, that the law in effect at the time of the testator's death is controlling when interpreting a testamentary instrument, applies here. *Callan* v. *Winters*, 404 Mass. 198, 199-200 (1989). Marilyn and Sterling assert, without elaboration or citation, that the 1935 version of the rule against perpetuities should in fairness apply if the adoptees' rights statute in force in 1935 is deemed applicable. Their failure to provide us with acceptable appellate argument on this point precludes its consideration, see Mass.R.A.P. 16(a)(4), 367 Mass. 921 (1975); *Miga* v. *Holyoke*, 398 Mass. 343, 345-346 n.5 (1986), wholly aside from the substantive ineffectiveness of their assertion in any event under St. 1969, c. 27. We are of course bound to follow the decisions of the Supreme Judicial Court, and we perceive no policy contradiction in the court's rulings in the two areas at issue. However uncertain testators' intentions may be with respect to adoptees, we can confidently state that no testator would ever purpose the destruction of his testamentary plan by the rule against perpetuities if such a result could be avoided.

[6]The pre-1958 version of G. L. c. 210, § 8, unlike the present statute, permitted the use of evidence extrinsic to the will in ascertaining the testator's intention with respect to inclusion of adopted children, see *Boston Safe Deposit & Trust Co.* v. *Fleming, supra* at 186 (Braucher, J., dissenting), but the record here is devoid of any such evidence.

Marilyn and Sterling argue that the will created three clas-
ses of grandchildren — Ruth's then-living children, "any
children" that Dorothy may have, and Ruth's after-born
children — and included the first two while specifically ex-
cluding the last, thus indicating that children later adopted
by Dorothy were to be within the included group. Such a
plausible interpretive analysis does not, however, yield the
sort of obvious and unequivocal manifestation of intention re-
quired by the above-cited authorities. Merely being able to
raise a rational inference on the basis of textual interpreta-
tion is not sufficient to meet the "plainly appears" standard
of the pre-1958 version of G. L. c. 210, § 8.

The judgment is reversed and a new judgment is to enter
declaring that the testamentary provision at issue does not
violate the rule against perpetuities and that Marilyn F. Fo-
ley and Sterling Leonard are not parties in interest with a
right to share in the residue of their grandfather's estate
under his will.

*So ordered.*