74626. COLWELL v. VOYAGER CASUALTY INSURANCE
COMPANY.
74627. WILKERSON v. VOYAGER CASUALTY INSURANCE
COMPANY.
(363 SE2d 310)

CARLEY, Judge.

The respective appellant-plaintiff in each of these companion cases filed suit against the appellee-defendant insurer, seeking to recover no-fault benefits, as well as penalties, attorney's fees, and punitive damages. Each case has appeared in the appellate courts on prior occasions. See *Voyager Cas. Ins. Co. v. Colwell*, 166 Ga. App. 17 (303 SE2d 152) (1983), aff'd in part and rev'd in part, 251 Ga. 744 (309 SE2d 617) (1983); *Wilkerson v. Voyager Cas. Ins. Co.*, 171 Ga. App. 834 (321 SE2d 346) (1984). For purposes of the present appeals, there is no dispute that appellants are entitled to a recovery of no-fault benefits and that those benefits have been paid. However, prior to the final resolution of appellants' entitlement to a recovery of penalties, attorney's fees, and punitive damages, appellee became insolvent. Upon appellee's insolvency, appellants moved that the Georgia Insurer's Insolvency Pool (GIIP) either be added as a party-defendant or be substituted as the party-defendant in the actions. The trial court denied appellants' motions and they appealed. However, this court dismissed appellants' appeals for failure to comply with OCGA § 5-6-34. See *Colwell v. Voyager Cas. Ins. Co.*, 178 Ga. App. 42 (342 SE2d 7) (1986). Subsequently, the trial court entered a final order in both cases. Each appellant now appeals, enumerating as error the denial of her motion to add or to substitute the GIIP as a party-defendant. Because the identical issue is raised in both appeals, they are consolidated for appellate disposition in this single opinion.

The issue to be determined is the extent to which the GIIP has an obligation to an insured who has a legal claim for penalties, attorney's fees and punitive damages pursuant to OCGA § 33-34-6 against his insolvent insurer. "In the event an insurer is determined to be insolvent, *the coverage* afforded by property and casualty insurance policies issued by such insurer shall, with respect to covered claims, become the obligation of the [GIIP]. . . ." (Emphasis supplied.) OCGA § 33-36-9. Appellants do not assert a contractual claim for coverage afforded under their policies issued by appellee. Their claims for no-fault benefits under their policies have been paid in full by appellee. Appellants assert only a statutory legal claim for damages against appellee. There is nothing in the language of the relevant statutory provisions to indicate that the remedial legislative intent is other than to provide only those insureds having unsatisfied *contractual* claims for benefits with a source of recovery other than their insolvent insurers. "The purpose [underlying the creation of the GIIP]

is to provide a remedy for covered claims *under property and casualty insurance policies* when the insurer has become insolvent and is unable to perform its *contractual obligations.*" (Emphasis supplied.) OCGA § 33-36-2.

Since appellants seek only damages based upon appellee's alleged failure to perform its statutory obligations pursuant to OCGA § 33-34-6, to hold that they can proceed against the GIIP on their claims would be to authorize the dissipation of funds which were intended to benefit only those insureds who, entirely unlike appellants, have never even been initially paid those contractual benefits for which they made premium payments and to which they would be entitled under their policies issued by insolvent insurers. Having recovered their contractual claims for benefits, appellants are, insofar as a potential recovery under OCGA § 33-34-6 is concerned, in no better position than any other plaintiff who has a potential legal claim for damages against an insolvent defendant. The fact that appellants are insureds and appellee is an insolvent insurer is not, standing alone, a basis for holding that the GIIP is an alternative source of appellants' recovery of the *statutory* damages they seek.

However, appellants point to the amendment of the statute which created the GIIP, whereby the following subsection (G) was added to OCGA § 33-36-3 (2): "A covered claim shall not include any claim or judgment for punitive damages and attorney's fees associated therewith against any insolvent insurer, its insured, or the [GIIP]." Appellants urge that the addition of this language which specifies that such claims as those made pursuant to OCGA § 33-34-6 are not to be considered as "covered claims" assertable against the GIIP must be construed as effecting a change in the law as it then existed. Thus, appellants contend that such claims under OCGA § 33-34-6 as were asserted prior to the effective date of OCGA § 33-36-3 (2) (G), including their claims against appellee, would antedate the legal "change" and would be enforceable against the GIIP.

" 'From the addition of words it may be presumed that the legislature intended some change in the existing law; but it is also presumed that the legislature did not intend to effect a greater change than is clearly apparent either by express declaration or by necessary implication.' [Cits.]" *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales,* 149 Ga. App. 354, 356 (254 SE2d 426) (1979). Our previous discussion of the extent to which the GIIP has an obligation to the insureds of an insolvent insurer is based entirely upon an interpretation of statutory provisions which predate the 1985 amendment to add subsection (G) to OCGA § 33-36-3 (2). As indicated in our discussion, under those pre-1985 provisions, it is only contractual claims for benefits under policies issued by an insolvent insurer that "become the obligation of the [GIIP]. . . ." OCGA § 33-36-9. It fol-

lows that the effect of amending OCGA § 33-36-3 (2) in 1985 so as to add subsection (G) was merely to make explicit that which the statutory provisions had previously made only implicit. Thus, the result of the enactment of OCGA § 33-36-3 (2) (G) was only to change the clarity with which the statute originally spoke, and not to change the remedy for which the statute was originally enacted. A legal claim for damages under OCGA § 33-34-6 as against an insolvent insurer is not and has never been a potential obligation of the GIIP. It follows that the trial court correctly denied appellants' motions to add or to substitute the GIIP as a party-defendant.

*Judgments affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1987.

*Kenneth M. Henson, Jr., Millard D. Fuller*, for appellants.
*William A. Erwin, Wilbur C. Brooks, James T. Budd*, for appellee.