## 76936. CRIDER et al. v. GEORGIA LIFE & HEALTH INSURANCE GUARANTY ASSOCIATION.

(373 SE2d 30)

CARLEY, Judge.

Continental Bankers Life Insurance Company (Continental) issued a health insurance policy to appellant-plaintiffs Mr. and Mrs. William Crider. Appellants submitted a claim on the policy which Continental refused to pay. Appellants then brought suit against Continental, seeking to recover insurance benefits under the policy, bad faith penalties, and attorney's fees. A jury returned a verdict which awarded appellants actual damages of $47,627, bad faith penalties of $11,907, and attorney's fees of $13,000. Judgment was entered on the verdict and Continental tendered a check in the amount of $47,627 to appellants. Prior to satisfying the remaining portion of appellants' judgment, however, Continental became insolvent. Appellants then brought this suit, seeking to recover from appellee-defendant Georgia Life & Health Insurance Guaranty Association the unsatisfied portion of their judgment against Continental. Appellee answered, denying the material allegations of the complaint. After a period of discovery, cross-motions for summary judgment were filed. The trial court entered an order granting summary judgment in favor of appellee and denying appellants' motion for summary judgment. Appellants appeal from that order, enumerating as error only the grant of summary judgment in favor of appellee.

OCGA § 33-38-1 provides that appellee was created for the purpose of "protect[ing] . . . insureds . . . against failure in the performance of *contractual obligations* due to the impairment or insolvency of the insurer issuing [life and health insurance] policies or con-

tracts." (Emphasis supplied.) " 'Contractual obligation' means *any obligation under covered policies or contracts.*" (Emphasis supplied.) OCGA § 33-38-4 (4). Accordingly, only insofar as there has been an unsatisfied default as to the insolvent Continental's "contractual obligations" to appellants would appellants have a viable claim as against appellee.

It is undisputed that Continental's payment of $47,627 satisfied appellants' judgment for benefits under the policy. Appellants assert only an unsatisfied judgment for statutory damages pursuant to OCGA § 33-4-6. In *Colwell v. Voyager Cas. Ins. Co.*, 184 Ga. App. 842 (363 SE2d 310) (1987), we held that the Georgia Insurers Insolvency Pool (GIIP) was not obligated to pay an insured's claim for statutory damages against an insolvent insurer. Although the holding in *Colwell* was based upon an interpretation of the statutory provisions applicable to the GIIP, the underlying rationale would nevertheless appear to be controlling here. The clear intent of the statutory provisions applicable to both GIIP and appellee is "to provide only those insureds having unsatisfied *contractual* claims for benefits with a source of recovery other than their insolvent insurers." (Emphasis supplied.) *Colwell v. Voyager Cas. Ins. Co.*, supra at 842. "Since appellants seek [to recover on a judgment representing] only damages based upon [Continental's] failure to perform its statutory obligations pursuant to [OCGA § 33-4-6], to hold that they can proceed against [appellee] on their claims would be to authorize the dissipation of funds which were intended to benefit only those insureds who, entirely unlike appellants, have never even been initially paid those contractual benefits for which they made premium payments and to which they would be entitled under their policies issued by insolvent insurers. Having recovered their contractual claims for benefits, appellants are, insofar as a potential recovery [of their unsatisfied judgment for OCGA § 33-4-6 damages] is concerned, in no better position than any other plaintiff who has [an unsatisfied judgment] for damages against an insolvent defendant. The fact that appellants are insureds and [Continental] is an insolvent insurer is not, standing alone, a basis for holding that [appellee] is an alternative source of appellants' recovery of the *statutory* damages they seek." (Emphasis in original.) *Colwell v. Voyager Cas. Ins. Co.*, supra at 843.

Appellants attempt to distinguish *Colwell*, urging that the statutory provisions applicable to appellee are to "be liberally construed to effect the purpose set forth in Code Section 33-38-1, which Code section shall constitute an aid and guide to interpretation." OCGA § 33-38-3. That there is no comparable explicit expression of legislative intent that the provisions applicable to the GIIP be "liberally construed" does not, however, mandate a different result here from that which was reached in *Colwell*. As noted previously, OCGA § 33-38-1

provides that the purpose underlying the creation of appellee is "to protect . . . insureds . . . against failure in the performance of *contractual obligations* due to the impairment or insolvency of the insurer. . . ." (Emphasis supplied.) Pursuant to this clear expression of legislative intent, it would require more than a liberal construction to achieve an expansion of the scope of claims which are assertable against appellee so as to encompass claims for damages based upon an insolvent insurer's failure to perform its statutory obligations. Such an expansion can only be accomplished through legislation rather than through judicial construction of the existing applicable statutory provisions.

Appellants point out that the statutory provisions which were applicable to the GIIP in *Colwell* had been amended so as to provide that "[a] covered claim shall not include any claim or judgment for punitive damages and attorney's fees associated therewith against any insolvent insurer, its insured, or the [GIIP]." OCGA § 33-36-3 (2) (G). Although there is again no comparable explicit expression of legislative intent that such claims are not assertable against appellee, this likewise does not mandate a different result here from that which was reached in *Colwell*. The decision in *Colwell* was predicated entirely upon an interpretation of the general phrase "contractual obligations" and the express definition of a "covered claim" as contained in amended OCGA § 33-36-3 (2) (G) was not a factor in our holding. "Our previous discussion of the extent to which the GIIP has an obligation to the insureds of an insolvent insurer is based entirely upon an interpretation of statutory provisions which predate . . . subsection (G) [of] OCGA § 33-36-3 (2). As indicated in our discussion, under those . . . provisions, it is only contractual claims for benefits under policies issued by an insolvent insurer that 'become the obligation of the [GIIP]. . . .' [Cit.]" *Colwell v. Voyager Cas. Ins. Co.*, supra at 843. Here, as in *Colwell*, a claim based upon an insolvent insurer's failure to perform its statutory obligation is sought to be enforced pursuant to statutory provisions which authorize only enforcement of claims based upon an insolvent insurer's failure to perform its contractual obligations. Since there has been no default as to the insolvent Continental's "contractual obligations" to appellants, they have no viable claim pursuant to OCGA § 33-38-1 et seq. and summary judgment was correctly granted in favor of appellee.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 15, 1988 —

*David N. Vaughan, Jr., Velma C. Tilley*, for appellants.

*Henry D. Fellows, Jr., Thomas C. Gilliland,* for appellee.