A89A1225. GAREL v. GEORGIA INSURERS' INSOLVENCY POOL.
(382 SE2d 400)

DEEN, Presiding Judge.

Appellant Garel sustained injuries in an automobile accident and was hospitalized in Grady Memorial Hospital in Atlanta. His no-fault insurer, Reserve Insurance Company, had become insolvent and therefore did not pay the hospital bill. Some three months after the hospitalization Garel presented to the Georgia Insurers' Insolvency Pool (insolvency pool) the necessary proofs of entitlement to no-fault benefits; the insolvency pool paid the bill shortly after receipt of these proofs, but retained the portion of the payment equal to that already paid to the hospital by Garel's health insurance carrier, and did not pay this sum to Garel until some four years later. Garel brought an action against the insolvency pool, alleging bad faith and seeking punitive damages, attorney fees, and costs. Two years later Garel amended his complaint, adding a second count alleging fraud.

In its brief filed in response to the amended complaint, the insolvency pool raised a counterclaim alleging that Garel had filed a fraudulent claim and seeking damages, attorney fees, and costs. The trial court entered an order in December 1988 granting the insolvency pool's motion to dismiss Garel's claim for punitive damages and also granting Garel's motion to dismiss the defendant/appellee's counterclaim on the ground that the latter was a compulsory counterclaim and therefore, not having been raised at the time of the answer to the original complaint, was barred.

In January 1989 the trial court entered an order dismissing Count II of plaintiff Garel's amended complaint "for the same reasons dismissal was granted on Count I." On appeal Garel enumerates as

error the trial court's granting appellee insolvency pool's motion to dismiss Count I (of the original complaint), the granting of defendant/appellee's motion to dismiss Counts I and II of the amended complaint, and the dismissal of the amended complaint *in toto*.

In the cited orders the trial court set forth as authorization for its disposition of the motions OCGA §§ 33-36-2; 33-36-3; 33-36-9; and 33-34-6, together with *Colwell v. Voyager Cas. Ins. Co.*, 184 Ga. App. 842 (363 SE2d 310) (1987). Appellant contends that the cited statutory and case law are inapplicable in the instant case because it is the alleged liability and bad faith of the agents and employees of the *insolvency pool* — not those of Garel's insolvent no-fault insurance carrier — that is at issue here. *Held*:

Our review of the record of the instant case, together with the relevant authorities, indicates that none of appellant's enumerations is meritorious. OCGA § 33-36-3 (2) (G) expressly excludes "any claim or judgment for punitive damages and attorney's fees associated therewith against any insolvent insurer, its insured, or the insurer's insolvency pool." In *Colwell v. Voyager Casualty Ins. Co.*, supra, this court held at 844: "A legal claim for damages under OCGA § 33-34-6 as against an insolvent insurer is not and has never been a potential obligation of the [insolvency pool]." Specifically addressing a contention identical to Garel's regarding the effective date of subsection (G) and its purported modification of the section as originally enacted, this court further held, at 843, 844: " ' "From the addition of words it may be presumed that the legislature intended some change in the existing law; but it is also presumed that the legislature did not intend to effect a greater change than is clearly apparent either by express declaration or by necessary implication" ' . . . [T]he effect of amending OCGA § 33-36-3 (2) in 1985 so as to add subsection (G) was merely to make explicit that which the statutory provision had previously made only implicit. Thus, the result of the enactment of OCGA § 33-36-3 (2) (G) was only to change the clarity with which the statute originally spoke, and not to change the remedy for which the statute was originally enacted."

We find no error in the proceedings below.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 16, 1989.

*J. Edward Wall, Jr.*, for appellant.
*Wilbur C. Brooks*, for appellee.