## A92A1929. REIMBURSEMENT CONSULTANTS, INC. v. GEORGIA INSURERS INSOLVENCY POOL.

(427 SE2d 519)

POPE, Chief Judge.

Plaintiff Reimbursement Consultants, Inc. ("RCI") entered into a contract with now insolvent American Mutual Liability Insurance Company ("American Mutual"). Pursuant to the terms of that contract RCI agreed to seek on behalf of American Mutual recovery of funds to which American Mutual was entitled in certain workers' compensation cases from the Subsequent Injury Trust Fund ("SITF") in exchange for a fee of 15 percent of the funds received.

After RCI had performed services to obtain the funds from the SITF, but before those funds were received by American Mutual, the insurance company was placed into receivership and ordered liquidated. Pursuant to its enabling statute, the Georgia Insurers Insolvency Pool ("GIIP") assumed the obligation for the payment of certain claims owed by American Mutual. RCI contends that because the GIIP received certain funds from the SITF which RCI was instrumental in obtaining, the GIIP must pay RCI its fee of 15 percent of the funds received from the SITF. RCI appeals from the trial court's order granting summary judgment in favor of the GIIP and denying RCI's motion for summary judgment.

We hold the trial court correctly granted GIIP's motion for summary judgment and denied RCI's motion for summary judgment. RCI argues that the GIIP has become a "successor" or "affiliate" of American Mutual. See *Northwest Preferred, Ltd. v. Williams*, 184 Ga. App. 145 (360 SE2d 910) (1987). We agree with the trial court that the GIIP's relationship with American Mutual cannot be deemed to be that of "successor" or "affiliate" to now insolvent American Mutual; rather, it is at most a statutory receiver that is obligated to pay certain statutorily defined claims. The GIIP was created as a non-profit industry financed buffer between an individual policyholder and an insurer in the event the insurer becomes insolvent. Its purpose as stated in OCGA § 33-36-2 "is to provide a remedy for *covered claims* under property and casualty insurance policies when the insurer has become insolvent and is unable to perform its contractual obligations." (Emphasis supplied.)

The trial court also correctly held that an action in quantum meruit has not been presented under the facts of this case. When the GIIP steps in to cover the claims of an insolvent insurer, it receives the benefit of the efforts of many persons and entities who have acted on behalf of the insolvent insurer. The Georgia legislature, however, has limited what claims it is obligated to pay on behalf of insolvent insurers in the Georgia Insurers Insolvency Pool Act to only "covered claims." RCI does not contend that its claims against the GIIP are

"covered claims" as that term is defined in the Act, OCGA § 33-36-3 (2) (A), rather it argues that to the extent the GIIP has received funds that resulted from efforts extended by RCI on behalf of American Mutual the GIIP has been unjustly enriched and RCI should be allowed to recover its fees in an action for quantum meruit. As we noted in *Colwell v. Voyager Cas. Ins. Co.,* 184 Ga. App. 842 (363 SE2d 310) (1987), "[t]here is nothing in the language of the relevant statutory provisions to indicate that the remedial legislative intent is other than to provide only those insureds having unsatisfied *contractual* claims for benefits with a source of recovery other than their insolvent insurers." Id. at 842. In that case the plaintiff sought to recover penalties, attorney fees and punitive damages from the GIIP. We refused to allow the recovery of penalties, attorney fees and punitive damages on the basis that such recovery would dissipate funds that were intended for insureds having "covered claims." Id. at 843.

As in *Colwell,* the fact that American Mutual has become an insolvent insurer whose coverage claims will be paid by the GIIP, does not make the GIIP an alternative source for RCI's non-coverage claims against American Mutual. RCI's proper remedy is to assert its claim against American Mutual.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JANUARY 14, 1993 —
RECONSIDERATION DENIED FEBRUARY 4, 1993 —

*Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., Jeffrey T. Wise,* for appellant.

*Chambers, Mabry, McClelland & Brooks, Wilbur C. Brooks, Stuart K. Theodore,* for appellee.

