A93A0762. J. TRANSPORT, INC. et al. v. GEORGIA INSURERS INSOLVENCY POOL.
(434 SE2d 552)

POPE, Chief Judge.

The events which led to this action began in 1982 when a truck leased by plaintiff J. Transport, Inc. was involved in a collision in which the occupants of an automobile struck by the truck were injured. The truck was insured by Paxton National Insurance Company ("Paxton"), an insurance company which, at that time, was authorized to write property and casualty insurance in Georgia. J. Transport also maintained a policy of insurance issued by plaintiff Empire Fire & Marine Insurance Company ("Empire"). The truck in question was not covered by the Empire policy. However, because J. Transport is a motor common carrier engaged in interstate commerce, federal law required the Empire policy to include an endorsement obligating it to pay any judgment against the insured resulting from its motor carrier

operations even in cases where the policy did not otherwise provide coverage for the loss. The endorsement, however, contained a reimbursement provision whereby the insured agreed to reimburse Empire for any payments made under the endorsement which Empire was not obligated to make under the policy except as a result of the endorsement.

In 1983 the occupants of the automobile involved in the collision with the truck brought suit for damages in the United States District Court for the Eastern District of Kentucky. Empire entered a defense on behalf of J. Transport, reserving its rights to reimbursement by J. Transport by entering into a non-waiver agreement. Empire filed a cross-claim against Paxton for a declaration of rights between the two insurance companies. The judge in this original tort action ruled that Paxton and Empire were required to contribute equally to any judgment or settlement of the tort plaintiffs' claims. Consequently, the two insurers each contributed $149,333.92 to settle the claims.

In 1986, pursuant to the reimbursement provision of its policy of insurance, Empire filed suit in the United States District Court for the Northern District of Georgia against J. Transport seeking reimbursement of the settlement payment it made on J. Transport's behalf. J. Transport filed a third-party complaint against Paxton seeking indemnification pursuant to the terms of the Paxton insurance policy for any sums it might be required to pay to reimburse Empire. The federal court ordered J. Transport to pay Empire $149,323.92 and ordered Paxton to indemnify J. Transport in the same amount.

After the judgment was entered, J. Transport assigned its judgment against Paxton to Empire. By this time, however, Paxton was insolvent. Empire, in the name of J. Transport, then filed the action, which forms the basis for this appeal, in DeKalb County Superior Court against defendant Georgia Insurers Insolvency Pool (the "Pool") to collect the judgment awarded by the federal court. Empire was later added as a real party in interest plaintiff in the action. The trial court granted summary judgment to the Pool and denied the motion for summary judgment filed by plaintiffs J. Transport and Empire. We reverse.

Plaintiffs argue they are entitled to summary judgment as a result of the collateral estoppel effect of the judgments in the actions filed in the two federal courts noted above. In the action brought by Empire for reimbursement of its settlement payment, in which Paxton was a third-party defendant, the United States District Court for the Northern District of Georgia entered a ruling expressly finding that J. Transport's obligation to reimburse Empire arose out of its tort liability for the injuries sustained in the collision and was thus covered under Paxton's liability insurance policy. The federal court ruled against Paxton on its defense that the obligation was assumed

pursuant to contract and thus was not insurable. This unpublished and uncertified order, however, appears only in plaintiffs' appellate brief and was not made a part of the record in the trial court. Thus, the order is not evidence of record and we cannot consider plaintiffs' argument that the doctrine of collateral estoppel makes the ruling binding on the Pool in this case.

The record does contain a certified copy of the District Court's judgment ordering Paxton to reimburse J. Transport for the amount J. Transport was required to reimburse to Empire. Since the Paxton insurance policy covered only liability in tort and did not cover liability assumed pursuant to an agreement or contract, the District Court's judgment is necessarily based on an implicit finding that J. Transport's obligation to reimburse Empire arose out of its tort liability for the injuries sustained in the collision and was not excluded from coverage by the Paxton policy's exclusion for contractual liability. The record also contains the order of the United States District Court for the Eastern District of Kentucky finding that Paxton was obligated by the terms of its insurance policy to indemnify its insured for a portion of the claims made by the tort plaintiffs. Relying upon *Reimbursement Consultants v. Ga. Insurers &c. Pool*, 207 Ga. App. 230 (427 SE2d 519) (1993), the Pool argues it is not a successor-in-interest to Paxton and thus the doctrine of collateral estoppel does not permit it to be bound by the issues decided against Paxton in the two federal court actions. In *Reimbursement Consultants*, an entity which had collected certain funds on behalf of the insolvent insurance company but was not paid for its services filed a claim against the Pool for unpaid service fees. This court ruled that the Pool was not a successor to an insolvent insurance company but was merely a statutorily created and industry financed fund obligated to pay certain statutorily defined claims. The claim asserted against the Pool in *Reimbursement Consultants* was not a claim covered by the Act and thus the Pool was not liable for the claim. The claim involved in the case now before us, however, is a covered claim. In this case, the federal court ruled the claim against the insurance company arose out of the insured's tort liability and was covered under the policy. Thus the claim is also one which is covered under the Act as set forth at OCGA § 33-36-3 (2) (B) (iii) because the claim arose out of an insurable event. Even if the Pool is not the legal successor of the insurance company, for purposes of collecting a covered claim, the rights and liabilities of the Pool are derivative of those of the insolvent insurance company up to the $100,000 limit set forth in the Act at OCGA § 33-36-3 (D). Thus, the Pool is, in essence, the privy of Paxton, which was a party to the earlier action, and the Pool is subject to collateral estoppel as to issues decided in the earlier action. See *Walka Mountain Camp &c. v. Hartford Accident &c. Co.*, 222 Ga. 249, 252 (149 SE2d

365) (1966). Thus, the Pool is bound by the explicit determination of the United States District Court for the Eastern District of Kentucky and the implicit determination of the United States District Court for the Northern District of Georgia that J. Transport's claim against Paxton is covered under its policy of liability insurance.

Even if the doctrine of collateral estoppel does not apply in this case, we agree with the holdings of the two federal courts that J. Transport's claim against Paxton arose out of its tort liability for the insured truck's collision with the automobile, the now ancient event out of which this lawsuit arose, and is thus covered by the policy issued by Paxton. The Pool's argument that J. Transport's obligation to reimburse Empire is merely contractual and does not arise out of its liability in tort for the collision is insupportable and merely obfuscates the issues involved in this case.

Having decided that J. Transport's claim against Paxton is covered by the insurance policy issued by Paxton, it follows, as noted above, that the obligation is also covered by the Georgia Insurers Insolvency Act, OCGA § 33-36-3 (2) (B) (iii). That the insured's right to recover from the insolvent insurance company was assigned to another party does not relieve the Pool from its statutory duty to pay the claim. In *United Budget Co. v. Ga. Insurers &c. Pool*, 253 Ga. 435 (321 SE2d 333) (1984), the Georgia Supreme Court held that an assignee of an insured who would be entitled to payment of a claim by the Pool "stands in the shoes" of the insured and is entitled to the same benefits to which the insured would be entitled but for the assignment. Although the claim in the *United Budget Co.* case involved a claim to recover unearned premiums on behalf of policyholders, the same rule applies in this case. A claim for an unearned premium is a covered claim pursuant to subsection (2) (B) (i) of OCGA § 33-36-3 and the claim in this case, for liability arising out of an insurable event, is a covered claim pursuant to subsection (2) (B) (iii).

We reject the Pool's argument that the claim involves an obligation to an insurer and is thus not covered by the Act pursuant to OCGA § 33-36-3 (2) (F). For the reasons set forth above, the claim does not involve an obligation to an insurer but ultimately involves an obligation owed to and paid to third parties who were injured as a result of an insurable event. Subsection (2) (F) also provides that a claim is not covered if it involves an obligation to a person worth over $3 million at the time of the insured event, and pursuant to that version of the Act in effect at the time of the collision, the claim was excluded if the person was worth over $1 million. It is undisputed that J. Transport did not have a net worth greater than $1 million at the time of the insured event. Thus, the trial court erred in granting summary judgment to defendant the Georgia Insurers Insolvency Pool and the court should have granted summary judgment to plain-

tiffs in the maximum amount $100,000 as set forth in the Act.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 13, 1993 —
RECONSIDERATION DENIED JULY 29, 1993 —

*Dennis, Corry, Porter & Gray, William E. Gray II, Andrew H. Schultz*, for appellants.

*Chambers, Mabry, McClelland & Brooks, Wilbur C. Brooks, Stuart K. Theodore*, for appellee.